IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

West Virginia Citizens Defense League, Inc., a
   West Virginia nonprofit corporation,

       Plaintiff,

          v.                      Civil No.: 3:11-cv-00005-JPB

City of Martinsburg, a West Virginia
   municipal corporation;
George Karos, personally and in his official
   capacity as the Mayor of the City of        COMPLAINT
   Martinsburg;
Mark S. Baldwin, personally and in his official
   capacity as the City Manager of the City of
   Martinsburg; and
Kevin Miller, personally and in his official
   capacity as the Chief of Police of the City
   of Martinsburg,

       Defendants

Comes now the Plaintiff, West Virginia Citizens Defense League, Inc., by and through its undersigned counsel, and complains of the Defendants as follows:

**PARTIES**

1. Plaintiff West Virginia Citizens Defense League, Inc. (hereinafter "WVCDL"), is a West Virginia nonprofit corporation.

2. WVCDL is a nonpartisan, all-volunteer, grassroots organization of concerned West Virginians who support an individual's right to keep and bear arms for defense of self, family, home and state, and for lawful hunting and recreational use, as protected by the West Virginia Constitution and the Second Amendment of the United States Constitution.

1

3. WVCDL has members throughout the State of West Virginia, including many members who reside in or frequently visit the City of Martinsburg, and one or more members who are currently employees of the City of Martinsburg.

4. Many WVCDL members have licenses to carry concealed handguns.

5. Many WVCDL members regularly carry handguns for personal protection at all times and places they may lawfully do so; only when a federal, state, or local law or regulation whose enforcement has not been enjoined by a court of competent jurisdiction prohibits carrying a handgun at a particular time or place do some WVCDL members not carry a handgun on their persons.

6. Defendant City of Martinsburg is a municipal corporation organized under the constitution and laws of the State of West Virginia and a "person" within the meaning of 42 U.S.C. § 1983.

7. The City of Martinsburg, through its city manager and police department, is responsible for executing and administering the laws, customs, practices, and policies at issue in this action.

8. The City of Martinsburg, through its city manager and police departments, is presently enforcing the challenged laws, customs and practices against Plaintiff's interests.

9. Defendant George Karos (hereinafter "Mayor Karos") is the Mayor of the City of Martinsburg, and as such is responsible for executing and administering the City of Martinsburg's laws, customs, practices, and policies. In that capacity, Mayor Karos is presently enforcing the laws, customs, practices and policies complained of in this action, and is sued in both his individual and official capacities.

10. Defendant Mark S. Baldwin (hereinafter "Mr. Baldwin") is the City Manager of the City of Martinsburg, and as such is responsible for executing and administering the City of Martinsburg's laws, customs, practices, and policies. In that capacity, Mr. Baldwin is presently enforcing the laws, customs, practices and policies complained of in this action, and is sued in both his individual and official capacities.

11. Defendant Kevin Miller (hereinafter "Chief Miller") is the Chief of Police of the City of Martinsburg, and as such is responsible for executing and administering the City of Martinsburg's laws, customs, practices, and policies. In that capacity, Chief Miller is presently enforcing the laws, customs, practices and policies complained of in this action, and is sued in both his individual and official capacities.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal question claims that they form part of the same case or controversy under Article III of the United States Constitution.

13. Venue lies in this Court pursuant to 28 U.S.C. § 1391 because the Defendants are located in this District.

## STATEMENT OF FACTS

14. Martinsburg City Code § 545.14 provides:

> (a) No person shall carry or possess a firearm or other deadly weapon, whether carried openly or concealed, in any building owned, leased or under the care, custody and control of the City of Martinsburg or any political subdivision of the City of Martinsburg.
>
> (b) No provision of this section shall apply to those persons set forth in Section 545.03 (c) to (f) while such persons are acting in an official capacity, provided,

however, that under no circumstances may any person possess or carry or cause the possession or carrying of any firearm or other deadly weapon on the premises of any primary or secondary educational facility in this State unless such person is a law enforcement officer or he or she has the express written permission of the County School Superintendent.

(c) Any person carrying or possessing a firearm or other deadly weapon in any building owned, leased or under the care, custody and control of the City of Martinsburg or any political subdivision of the City of Martinsburg who refuses to temporarily relinquish possession of such firearm or other deadly weapon, upon being requested to do so, or to leave such premises, while in possession of such firearm or other deadly weapon, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) for each offense and, in the discretion of the Police Court Judge, may be placed in jail for a term not to exceed thirty (30) days, or both.

15. The categories of persons specified in Martinsburg City Code § 545.03(c) to (f) are:

(c) Any law-enforcement officer or law-enforcement official as such are defined in West Virginia Code 30-29-1;

(d) Any employee of the West Virginia Department of Corrections duly appointed pursuant to the provisions of West Virginia Code 28-5-5 while such employee is on duty;

(e) Any member of the armed forces of the United States or the militia of the State while such member is on duty;

(f) Any circuit judge, including any retired circuit judge designated senior status by the supreme court of appeals of West Virginia, prosecuting attorney, assistant prosecuting attorney or a duly appointed investigator employed by a prosecuting attorney[.]

**COUNT 1: MARTINSBURG CITY CODE § 545.14 IS UNCONSTITUTIONALLY VAGUE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

16. Paragraphs 1 through 15 are incorporated by reference.

17. Martinsburg City Code § 545.14 is not sufficiently explicit to provide a reasonable person of ordinary intelligence who is subject to its provisions fair notice of whether those provisions (1) criminalize the simple possession of a firearm or other deadly weapon in

4

any building owned, leased or under the care, custody and control of the City of Martinsburg or any political subdivision of the City of Martinsburg, (2) require some additional act to occur before the possession of a firearm or other deadly weapon in any building owned, leased or under the care, custody and control of the City of Martinsburg or any political subdivision of the City of Martinsburg, would constitute a criminal act, or (3) what are the elements of a crime under Martinsburg City Code § 545.14.

18. WVCDL's members cannot reasonably determine (1) whether the provisions of Martinsburg City Code § 545.14 criminalize the simple possession of a firearm or other deadly weapon in any building owned, leased or under the care, custody and control of the City of Martinsburg or any political subdivision of the City of Martinsburg, (2) whether the provisions of Martinsburg City Code § 545.14 require some additional act to occur before the possession of a firearm or other deadly weapon in any building owned, leased or under the care, custody and control of the City of Martinsburg or any political subdivision of the City of Martinsburg, would constitute a criminal act, or (3) what are the elements of a crime under Martinsburg City Code § 545.14.

19. People of reasonable intelligence must necessarily guess (1) whether the provisions of Martinsburg City Code § 545.14 criminalize the simple possession of a firearm or other deadly weapon in any building owned, leased or under the care, custody and control of the City of Martinsburg or any political subdivision of the City of Martinsburg, (2) whether the provisions of Martinsburg City Code § 545.14 require some additional act to occur before the possession of a firearm or other deadly weapon in any building owned, leased or under the care, custody and control of the City of Martinsburg or any political

subdivision of the City of Martinsburg, would constitute a criminal act, or (3) what are the elements of a crime under Martinsburg City Code § 545.14.

20. The provisions of Martinsburg City Code § 545.14 are not sufficiently explicit to inform officers, employees, and other agents of the City of Martinsburg, including police officers, how to properly respond upon finding that a person is possessing or carrying a firearm or other deadly weapon, whether carried openly or concealed, in any building owned, leased or under the care, custody and control of the City of Martinsburg or any political subdivision of the City of Martinsburg.

21. The provisions of Martinsburg City Code § 545.14 are not sufficiently explicit to inform police officers of the City of Martinsburg what are the elements of a crime under Martinsburg City Code § 545.14 and what acts must occur before an officer may find probable cause that a violation of Martinsburg City Code § 545.14 has occurred or detain or arrest a person for violating Martinsburg City Code § 545.14.

22. Martinsburg City Code § 545.14 is so standardless that it authorizes or encourages seriously discriminatory enforcement.

23. WVCDL's members reasonably fears arrest, prosecution, fine, and incarceration if they possess a firearm or other deadly weapon in any building owned, leased or under the care, custody and control of the City of Martinsburg or any political subdivision of the City of Martinsburg.

24. But for the ongoing threatened enforcement of Martinsburg City Code § 545.14, many WVCDL members would regularly carry handguns when they visit various public building owned, leased or under the care, custody and control of the City of Martinsburg.

25. Martinsburg City Code § 545.14 is void for vagueness under the Due Process Clause of Fourteenth Amendment to the United States Constitution.

## COUNT 2: MARTINSBURG CITY CODE § 545.14 IS UNCONSTITUTIONALLY VAGUE IN VIOLATION OF THE DUE PROCESS CLAUSE OF ARTICLE III, § 10 OF THE WEST VIRGINIA CONSTITUTION

26. Paragraphs 1 through 25 are incorporated by reference.

27. Martinsburg City Code § 545.14 is void for vagueness under Article III, § 10 of the West Virginia Constitution.

## COUNT 3: MARTINSBURG CITY CODE § 545.14 VIOLATES THE RIGHT OF AN INDIVIDUAL TO KEEP AND BEAR ARMS UNDER THE SECOND AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

28. Paragraphs 1 through 27 are incorporated by reference.

29. Martinsburg City Code § 545.14 prohibits the possession or carrying of firearms in not only city office buildings, but also many non-sensitive buildings such as rest facilities in city parks, city-owned housing, and other public buildings that are not used primarily for performing the official business of the City of Martinsburg.

30. Martinsburg City Code § 545.14 violates the Second Amendment to the United States Constitution, as incorporated against the states and their political subdivisions by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## COUNT 4: MARTINSBURG CITY CODE § 545.14 VIOLATES THE RIGHT OF AN INDIVIDUAL TO KEEP AND BEAR ARMS UNDER ARTICLE III, §22 OF THE WEST VIRGINIA CONSTITUTION

31. Paragraphs 1 through 30 are incorporated by reference.

32. Martinsburg City Code § 545.14 violates Article III, § 22 of the West Virginia Constitution.

## COUNT 5: MARTINSBURG CITY CODE § 545.14 IS PREEMPTED BY STATE STATUTE AND INVALID AS A MATTER OF STATE LAW

33. Paragraphs 1 through 32 are incorporated by reference.

34. W.Va. Code § 8-12-5a (1999) provides:

> The provisions of section five of this article notwithstanding, neither a municipality nor the governing body of any municipality may limit the right of any person to purchase, possess, transfer, own, carry, transport, sell or store any revolver, pistol, rifle or shotgun or any ammunition or ammunition components to be used therewith nor to so regulate the keeping of gunpowder so as to directly or indirectly prohibit the ownership of the ammunition. Nothing herein shall in any way impair the authority of any municipality, or the governing body thereof, to enact any ordinance or resolution respecting the power to arrest, convict and punish any individual under the provisions of subdivision (16), section five of this article or from enforcing any such ordinance or resolution: *Provided*, That any municipal ordinance in place as of the effective date of this section shall be excepted from the provisions of this section: *Provided, however*, That no provision in this section may be construed to limit the authority of a municipality to restrict the commercial use of real estate in designated areas through planning or zoning ordinances.

35. The reference to "the effective date of this section" in the first proviso of W.Va. Code § 8-12-5a was enacted as part of the most recent amendments to that section, which were enacted by the West Virginia Legislature as part of 1999 W.Va. Acts Ch. 290, which took effect on June 1, 1999, and thus "the effective date of this section" should be read as "June 1, 1999."

36. Martinsburg City Code § 545.14 was first enacted in 2005 and amended into its current form in 2008.

37. As of June 1, 1999, the City of Martinsburg had no ordinances restricting or prohibiting the carrying of firearms on any city-owned, leaded, or otherwise controlled property.

38. "Municipalities are but political subdivisions of the state, created by the Legislature for purposes of governmental convenience, deriving not only some, but all, of their powers from the Legislature. They are mere creatures of the Legislature, exercising certain delegated governmental functions which the Legislature may revoke at will. In fact, public policy forbids the irrevocable dedication of governmental powers. The power to create implies the power to destroy." *Booten v. Pinson*, 77 W.Va. 412, ___, 89 S.E. 985, 989 (1915).

39. "A municipal corporation possesses no inherent police power. It has only such regulatory authority as has been expressly or impliedly delegated to it by the Legislature." Syllabus Point 1, *State ex rel. Kelley v. City of Grafton*, 87 W.Va. 191, 104 S.E. 487 (1920).

40. "A municipal corporation is a creature of the State, and can only perform such functions of government as may have been conferred by the Constitution, or delegated to it by the law-making authority of the State. It has no inherent powers, and only such implied powers as are necessary to carry into effect those expressly granted." Syllabus Point 1, *Brackman's Inc., v. City of Huntington*, 126 W.Va. 21, 27 S.E.2d 71 (1943).

41. "When a provision of a municipal ordinance is inconsistent or in conflict with a statute enacted by the Legislature the statute prevails and the municipal ordinance is of no force and effect." Syllabus Point 1, *Vector Co. v. Board of Zoning Appeals of City of Martinsburg*, 155 W.Va. 362, 184 S.E.2d 301 (1971).

42. "A municipal corporation has only the powers granted to it by the legislature, and any such power it possesses must be expressly granted or necessarily or fairly implied or essential and indispensable. If *any* reasonable doubt exists as to whether a municipal

corporation has a power, the power *must* be denied." Syllabus Point 2, *State ex rel. City of Charleston v. Hutchinson*, 154 W.Va. 585, 176 S.E.2d 691 (1970) (emphasis added).

43. "Municipalities are creatures of the State who draw their powers from the law which creates them; therefore, if a city charter provision conflicts with either our Constitution or our general laws, the provision, being the inferior law, must fail." *Marra v. Zink*, 163 W.Va. 400, 404, 256 S.E.2d 581, 584 (1979) (*citing Vector Co. v. Board of Zoning Appeals of City of Martinsburg, supra*).

44. Martinsburg City Code § 545.14 is preempted by W.Va. Code § 8-12-5a and is void on its face as a matter of state law.

## COUNT 6: MARTINSBURG CITY CODE § 545.14 IS UNAUTHORIZED BY STATE STATUTE AND INVALID AS A MATTER OF STATE LAW

45. Paragraphs 1 through 44 are incorporated by reference.

46. No law of the State of West Virginia authorizes any municipality to enact or enforce an ordinance imposing a location-specific restriction on the possession or carrying of firearms or other deadly weapons under which a municipality may prohibit the possession or carrying of firearm or other deadly weapons in all buildings owned, leased or under the care, custody and control of the municipality.

47. The City of Martinsburg cannot show beyond a reasonable doubt that it is authorized by any law of the State of West Virginia to enact or enforce an ordinance imposing a location-specific restriction on the possession or carrying of firearms or other deadly weapons under which the City of Martinsburg may prohibit the possession or carrying of firearm or other deadly weapons in all buildings owned, leased or under the care, custody and control of the City of Martinsburg.

48. Martinsburg City Code § 545.14 is void on its face as a matter of West Virginia state law due to a lack of appropriate statutory authorization.

## **PRAYER FOR RELIEF**

Plaintiff requests a trial by jury on all issues triable before a jury and that judgment be entered in its favor and against Defendants as follows:

1. An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing each of the laws, customs, practices, and policies challenged in this action;

2. Declaratory relief consistent with the injunction;

3. Attorney Fees and Costs pursuant to 42 U.S.C. § 1988;

4. Costs of suit; and

5. Any other further relief to which Plaintiff may be entitled as the Court deems just and appropriate.

Dated this 24th day of January, 2011,

s/ James M. Mullins, Jr.
James M. Mullins, Jr.        (WV State Bar # 11129)
Attorney for Plaintiff
The Law Offices of James M. Mullins, Jr., PLLC
101 North Kanawha Street, Suite 401
Beckley, WV 25801
Telephone: 304-929-3500
FAX: 304-929-3503
E-mail: jim@mullinslawoffices.com