IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

West Virginia Citizens Defense League, Inc.,

    Plaintiff,

        v.

City of Martinsburg, *et al.*, Defendants

Civil Action No.: 3:11-cv-5-JPB

(Bailey, C.J.)

## PLAINTIFF'S RESPONSE AND OBJECTIONS TO

## PROPOSED *PULLMAN* ABSTENTION

The Plaintiff, West Virginia Citizens Defense League, Inc. (hereinafter "WVCDL"), by and through its undersigned counsel, respectfully submits the following in response and opposition to this Honorable Court's proposed *Pullman* abstention. [Doc. 16].

### I. INTRODUCTION

On June 17, 2011, this Honorable Court entered an Order Denying Defendants' Pre-Answer Motion to Dismiss, [Doc. 16], in which it raised *sua sponte* the question of whether it should abstain or defer action on WVCDL's state law claims against the Defendants under the *Pullman* abstention doctrine. *See Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941). This Court's order provided, in pertinent part:

> The parties shall have fourteen (14) days from the date of this Order to comment and/or object to this Court abstaining or deferring action in this case, pending resolution of the state law issues in state court.

[Doc. 16] at 9.

On July 1, 2011, all parties, by counsel, submitted a Joint Motion to Extend Time to Respond to Proposed Abstention or Deferral of Proceedings on State Law Issues, [Doc. 17], which this Court granted on July 6, 2011, [Doc. 18].

## II. DEFENDANTS HAVE MADE NO ARGUMENT DEMONSTRATING ANY UNSETTLED QUESTIONS OF STATE LAW

*Pullman* abstention is not appropriate in this matter because, to an extent that state law would grant WVCDL all the relief it seeks, the applicable state law is sufficiently clear and not fairly open to interpretation in light of the Defendants' failure to brief any arguments contrary to those presented by WVCDL.

> In the application of the abstention doctrine, "no principle has found more consistent or clear expression than that the federal courts should not adjudicate the constitutionality of state enactments ***fairly open to interpretation*** until the state courts have been afforded a reasonable opportunity to pass upon them."

*AFA Distributing Co., Inc. v. Pearl Brewing Co.*, 470 F.2d 1210, 1213 (4th Cir. 1973) (*quoting Harrison v. NAACP*, 360 U.S. 167, 176 (1959)) (emphasis added).

On January 24, 2011, WVCDL commenced the instant action. On March 29, 2011, the Defendants filed a pre-answer motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6), alleging lack of subject-matter jurisdiction (standing) ***and*** failure to state a claim upon which relief may be granted, [Doc. 12], and a memorandum of law in support of their pre-answer motion to dismiss, [Doc. 13].

While the Defendants made extensive arguments concerning their contention that WVCDL lacked standing to sue, supporting their motion to dismiss for lack of subject-matter jurisdiction (standing), Fed. R. Civ. P. 12(b)(1), they proceeded to make no arguments concerning their contention that WVCDL had failed to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6). [Doc. 13].

2

Nevertheless, WVCDL responded to Defendants' motion to dismiss by not only refuting Defendants' argument that subject-matter jurisdiction (standing) was lacking, but also arguing with particularity that each of the 6 counts presented in the Complaint do state a claim upon which relief may be granted. [Doc. 14]. The Defendants then filed a reply, in which they again argued the merits only of their contention that this Court lacked subject-matter jurisdiction. [Doc. 15]. Even after taking the ostrich-like approach of feigning blissful ignorance of the legal substance WVCDL's claims and forcing WVCDL to argue the merits of the 6 claims presented in the Complaint without prior notice of the arguments—if any—supporting Defendants' contentions of failure to state a claim, the Defendants replied to WVCDL's response by keeping their heads in the sand and did not utter a single word in their reply brief to contradict WVCDL's arguments concerning the merits of its case.

As it pertains to the Defendants' failure thus far to brief their motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), it should not be lost on this Honorable Court that Defendants have the benefit of representation by one of the largest and most prestigious law firms in the State of West Virginia.[1] Defendants are coordinating their defense in this case with the defendants in *West Virginia Citizens Defense League, Inc., et al. v. City of Charleston, et al.*, Civil Action No. 2:11-cv-48 (S.D. W.Va. filed Jan. 24, 2011), [Doc. 17] at 2 ¶ 4, who themselves have the benefit of representation by other, distinguished law firms.[2] Moreover, given the purely

---

[1] "Bowles Rice is a full service, regional commercial and defense law firm with more than 120 attorneys and six offices strategically located in West Virginia, Kentucky and Virginia. Bowles Rice holds an AV peer review ranking by Martindale-Hubbell and the firm and our attorneys are consistently ranked as leaders in nationally-known legal publications." Bowles, Rice, McDavid, Graff & Love, LLP, *Welcome to Bowles Rice McDavid Graff & Love*, http://www.bowlesrice.com/ (last visited July 14, 2011).

[2] In the *Charleston* litigation, the City of Charleston and associated defendants are represented by Benjamin L. Bailey and Ricklin Brown of Bailey & Glasser, LLP; the City of Dunbar and associated defendants are represented by Webster J. Arceneaux, III, and Spencer D. Elliott of Lewis, Glasser,

legal nature of WVCDL's state statutory claims in Counts 5 and 6, it would appear that the most appropriate vehicle for the Defendants to secure a favorable judgment regarding those claims would be through a motion to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).[3]

Like the Defendants in this action, the defendants in the *Charleston* litigation all filed pre-answer motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6), alleging lack of subject-matter jurisdiction (standing) ***and*** failure to state a claim upon which relief may be granted. Unlike the Defendants in this action, all the Defendants in *Charleston* litigation briefed both their 12(b)(1) and 12(b)(6) motions in their respective opening briefs accompanying their respective motions to dismiss and their respective reply briefs to the plaintiffs' briefs in response and opposition to those motions to dismiss.[4]

As a result of the Defendants' naked assertion that WVCDL failed to state a claim upon which relief may be granted—especially as it relates to the purely legal questions presented in Counts 5 and 6 of the Complaint that "Martinsburg City Code § 545.14 is preempted by W.Va.

---

Casey & Rollins, PLLC; and the City of South Charleston and associated defendants are represented by W. Michael Moore and Alicia A. Deligne of Moore & Biser PLLC.

[3] "[B]ecause a court can fully resolve any purely legal question on a motion to dismiss, there is no inherent barrier to reaching the merits at the 12(b)(6) stage." *Marshall County Health Care Authority v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993) (*citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) (noting that a party may lose on a 12(b)(6) motion whether its claim "is based on an outlandish legal theory or a close but ultimately unavailing one")).

[4] The state law questions—in particular, WVCDL's preemption claim in Count 5—differ from the state law questions presented in the *Charleston* litigation because (1) the Martinsburg ordinance at issue in this action was enacted after June 1, 1999, and thus is subject to the current preemption provisions of W.Va. Code § 8-12-5a (1999), and (2) although the Defendants in this action have yet to state their basis of legal authority under state law, it appears they, unlike the *Charleston* defendants, have chosen to model their ordinance on and claim statutory authority under W.Va. Code § 61-7-14, whereas the *Charleston* defendants have claimed no reliance upon W.Va. Code § 61-7-14 and instead have defended their respective city property carry bans under a different legal theory. The Dunbar and South Charleston defendants have expressly disclaimed any reliance upon W.Va. Code § 61-7-14. *Charleston*, Reply in Support of Dunbar Defendants' Motion to Dismiss, [Doc. 31] at 11, available at http://www.wvcdl.org/litigation/Charleston/031.pdf; *id.*, Reply in Support of the South Charleston Defendants' Motion to Dismiss First Amended Complaint, [Doc. 32] at 11, available at http://www.wvcdl.org/litigation/Charleston/032.pdf.

Code § 8-12-5a and is void on its face as a matter of state law[,]" Complaint [Doc. 3] ¶ 44 (Count 5), and that "Martinsburg City Code § 545.14 is void on its face as a matter of West Virginia state law due to a lack of appropriate statutory authorization[,]" *id.*, ¶ 48 (Count 6)—it is far from clear that the pertinent questions of state law are unsettled.  While WVCDL has attempted to divine the possible arguments that would support the dismissal of Counts 5 and 6, [Doc. 14] at 14-15, and refute them, *id.* at 15-18, the Defendants have not adopted it as their position or advanced any other alternative theory to support dismissing Counts 5 and 6 of the Complaint.  In light of the Defendants' ostrich-like approach to this case, manifested by their failure to brief their motion to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6), WVCDL respectfully submits that there is apparently no seriously disputed question of state law.

### III. CERTIFICATION OF QUESTIONS OF LAW IS PREFERRED TO *PULLMAN* ABSTENTION

If this Honorable Court finds that the pending questions of state law appear unsettled, it should propound appropriate certified questions of law to the West Virginia Supreme Court of Appeals in lieu of exercising *Pullman* abstention.  In *Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997), the Supreme Court suggested that, where available, state certification procedures be used instead of *Pullman* abstention. The Supreme Court explained:

5

> Certification today covers territory once dominated by a deferral device called "*Pullman* abstention" . . . . Designed to avoid federal-court error in deciding state-law questions antecedent to federal constitutional issues, the *Pullman* mechanism remitted parties to the state courts for adjudication of the unsettled state-law issues. If settlement of the state-law question did not prove dispositive of the case, the parties could return to the federal court for decision of the federal issues. Attractive in theory because it placed state-law questions in courts equipped to rule authoritatively on them, *Pullman* abstention proved protracted and expensive in practice, for it entailed a full round of litigation in the state court system before any resumption of proceedings in federal court.
>
> Certification procedure, in contrast, allows a federal court faced with a novel state-law question to put the question directly to the State's highest court, reducing the delay, cutting the cost, and increasing the assurance of gaining an authoritative response.

*Id.* at 75-76 (internal citations omitted).  West Virginia has adopted the Uniform Certification of Questions of Law Act, W.Va. Code §§ 51-1A-1 *et seq.*; *see also* W.Va. Rev. R. App. P. 17(b) (2010), which is substantially similar to Arizona's certification law. *See Arizona*, 520 U.S. at 51 n. 5.  Under the Uniform Certification of Questions of Law Act:

> The supreme court of appeals of West Virginia may answer a question of law certified to it by any court of the United States . . . if the answer may be determinative of an issue in a pending cause in the certifying court and if there is no controlling appellate decision, constitutional provision or statute of this state.

W.Va. Code § 51-1A-3.  The West Virginia Supreme Court of Appeals frequently answers this Court's certified questions of law. E.g., *Barr v. NCB Management Services, Inc.*, ___ W.Va. ___, ___ S.E.2d ___, 2011 WL 2446640 (W.Va. June 14, 2011); *L.H. Jones Equipment Co. v. Swenson Spreader LLC*, 224 W.Va. 570, 687 S.E.2d 353 (2009); *Timber Ridge, Inc. v. Hunt Country Asphalt & Paving, LLC*, 222 W.Va. 784, 671 S.E.2d 789 (2008).

Assuming *arguendo* that there are unsettled questions of state law that might merit resolution via certified questions of law to the West Virginia Supreme Court of Appeals, it is not clear that this case is ripe for immediately propounding certified questions of law to the West Virginia Supreme Court of Appeals. "A certification order must contain . . . [t]he facts relevant

to the question, showing fully the nature of the controversy out of which the question arose[.]" W.Va. Code § 51-1A-6(a)(2). WVCDL's state law claims involve both purely legal issues concerning the state statutory validity of the challenged Martinsburg city ordinance as well as claims that the challenged ordinance is unconstitutional under the West Virginia Constitution.[5] While Counts 5 and 6 of WVCDL's complaint require no factual determination, as the questions presented are purely legal, the state constitutional issues presented may or may not involve some questions of fact for which the Defendants might attempt to adduce evidence justify the constitutionality of the challenged ordinance under state constitutional scrutiny. At this point, whether the Defendants have any evidence and arguments relevant to defending the constitutionality of the challenged ordinance remains to be seen. Thus, certifying questions involving the constitutionality of the challenged ordinance to the West Virginia Supreme Court of Appeals at this particular time, before all the relevant facts are determined, would likely present nonjusticiable, academic, hypothetical questions well outside the bounds of the courts' respective jurisdiction.

---

[5] WVCDL agrees with this Court's observation that "the West Virginia constitutional provision, Article III, § 22, differs from and is not the 'mirror image' of the Second Amendment to the United States Constitution." [Doc. 16] at 8. Accordingly, while WVCDL maintains that the challenged ordinance violates an individual's right to keep and bear arms under the Second and Fourteenth Amendments to the United States Constitution, it may not be necessary to reach that point as the West Virginia Right to Keep and Bear Arms Amendment, W.Va. Const. Art. III, § 22, provides greater protections of an individual's right to keep and bear arms than its Federal counterpart.

A judgment in WVCDL's favor on any one of the four separate and distinct state law claims presented would render a decision on either of WVCDL's Federal constitutional claims unnecessary. It is well-settled that this Court "need not reach the [Federal] constitutional question if there exists an alternative, nonconstitutional basis for [its] decision." *Hoffman v. Hunt*, 126 F.3d 575, 582 (4th Cir. 1997) (*citing Peters v. Hobby*, 349 U.S. 331, 338 (1955)). *Accord City of Meridian v. So. Bell Tel. & Tel. Co.*, 358 U.S. 639, 641 (1959) ("when the state court's interpretation of the statute or evaluation of its validity under the state constitution may obviate any need to consider its validity under the Federal Constitution, the federal court should hold its hand, lest it render a constitutional decision unnecessarily.") (internal citations omitted); *Meredith v. Talbot County*, 828 F.2d 228, 231 (4th Cir. 1987).

Despite the existence of the *Pullman* abstention doctrine and its subsequent evolution to include the use of certified question statutes in the overwhelming majority of states, including West Virginia, as an alternative to abstention, "federal courts should take care not to burden their state counterparts with unnecessary certification requests." *Boyter v. C. I. R.*, 668 F.2d 1382, 1385 n. 5 (4th Cir. 1981). "Only if the available state law is clearly insufficient should the court certify the issue to the state court." *Roe v. Doe*, 28 F.3d 404, 407 (4th Cir. 1994) (*citing Smith v. FCX, Inc.*, 744 F.2d 1378, 1379 (4th Cir. 1984), *cert. denied*, 471 U.S. 1103 (1985)).

> Certification is a discretionary function and should be utilized with restraint, and the mere difficulty of ascertaining local law does not appear to be an adequate reason for remitting the parties to a state tribunal. Factors to be considered in deciding whether to certify include the closeness of the question; the existence of sufficient sources of state law to permit a principled conclusion; the degree to which considerations of comity are relevant; and the practical limitations of the certification process, such as the delay inherent in beginning another proceeding.

*Miller v. N.R.M. Petroleum Corp.*, 570 F. Supp. 28, 29-30 (N.D. W.Va. 1983) (internal citations omitted).

To the extent there are any novel questions of state law that this Court would be unable to resolve where "there is no controlling appellate decision, constitutional provision or statute of this state," W.Va. Code § 51-1A-3, a West Virginia circuit court would face a similar dilemma and would likely submit appropriate certified questions of law to the Supreme Court of Appeals pursuant to W.Va. Code § 58-5-2 and W.Va. Rev. R. App. P. 17(a) (2010). Separate state court litigation leading to the same resolution would, as the Supreme Court noted, "prove[] protracted and expensive in practice, for it entail[s] a full round of litigation in the state court system[,]" and is thus disfavored where certification is available. *Arizona*, 520 U.S. at 76. For these reasons, WVCDL respectfully submits that certification appropriate questions of law to the West Virginia Supreme Court of Appeals by this Court is the preferred manner of resolving any open questions of state law and that *Pullman* abstention is not appropriate in this case.

8

## IV. CONCLUSION

For the reasons stated above, WVCDL respectfully requests that this Honorable Court not abstain or defer from adjudicating WVCDL's state law claims against the Defendants. To the extent there may be unsettled questions of state law, WVCDL submits that, rather than exercising *Pullman* abstention, the more appropriate course of action is to certify appropriate questions of law to the West Virginia Supreme Court of Appeals once the entire factual basis of the Defendants' defense of the constitutionality of the challenged ordinance—if any—is clearly established. WVCDL further requests that this Honorable Court deny the Defendants' pre-answer motion to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) or, in the alternative, expressly postpone a ruling thereon until trial pursuant to Fed. R. Civ. P. 12(a)(4)(A), and direct Defendants to answer WVCDL's complaint accordingly.

Dated this 14th day of July, 2011,

    s/ James M. Mullins, Jr.
James M. Mullins, Jr.      (WV State Bar # 11129)
    Attorney for Plaintiff
The Law Offices of James M. Mullins, Jr., PLLC
101 North Kanawha Street, Suite 401
Beckley, WV 25801
Telephone: 304-929-3500 (o)/304-687-5492 (c)
FAX: 304-929-3503
E-mail: jim@mullinslawoffices.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2011, I electronically filed the foregoing document with the Clerk of the Court, which will send electronic notification of such filing to the following CM/ECF participant:

    Floyd M. Sayre, III
    Bowles, Rice, McDavid, Graff & Love, LLP
    PO Box 1419
    Martinsburg, WV 25402
    Attorney for All Defendants

                                          s/ James M. Mullins, Jr.
                                    James M. Mullins, Jr.    (WV State Bar # 11129)
                                            Attorney for Plaintiff
                                    The Law Offices of James M. Mullins, Jr., PLLC
                                    101 North Kanawha Street, Suite 401
                                    Beckley, WV 25801
                                    Telephone: 304-929-3500 (o)/304-687-5492 (c)
                                    FAX: 304-929-3503
                                    E-mail: jim@mullinslawoffices.com