IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

**WEST VIRGINIA CITIZENS DEFENSE
LEAGUE, INC**., a West Virginia nonprofit
corporation,

        Plaintiff,

                                  Civil No.: 3:11-cv-00005-JPB

**CITY OF MARTINSBURG**, a West Virginia
    Municipal Corporation;
**GEORGE KAROS**, personally and in his official
    capacity as the Mayor of the City of
    Martinsburg;
**MARK S. BALDWIN**, personally and in his
    official capacity as the City Manager of the
    City of Martinsburg; and
**KEVIN MILLER**, personally and in his
    official capacity as the Chief of Police of
    the City of Martinsburg,

        Defendants

# Defendants' Memorandum In Support Of Abstention

Defendants City of Martinsburg, George Karos, personally and in his official capacity as the Mayor of the City of Martinsburg, Mark Baldwin, personally and in his official capacity as the City Manager of the City of Martinsburg and Kevin Miller, personally and in his official capacity as the Chief of Police of the City of Martinsburg (collectively "Defendants"), by their attorney, respectfully submit this Memorandum in Support of Abstention.

**THE DISTRICT COURT SHOULD ABSTAIN IN THE COMPLAINT FILED BY THE WEST VIRGINIA CITIZENS DEFENSE LEAGUE ON THE GROUNDS THAT THE STATE LAW IS UNCERTAIN AND A STATE COURT'S CLARIFICATION OF STATE LAW MIGHT MAKE A FEDERAL COURT'S CONSTITUTIONAL RULING UNNECESSARY.**

Abstention allows a federal court to decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue. Railroad Commission v. Pullman Co., 312 U.S. 496 (1941). The doctrine was born out of a concern for the maintenance of our federal system: seeking to avoid unnecessary conflicts between the federal judiciary and state government. Id.

Federal abstention is necessary where the issues arise directly from new and complex questions of state law, and federal intervention would disrupt state efforts to create a cohesive policy.  In order to warrant the abstention the court needs to determine (1) there must be substantial uncertainty as to the meaning of state law, and (2) there must be a reasonable possibility that the state court's clarification of state law might obviate the need for a federal constitutional ruling.

The United States Supreme Court has recognized the wisdom in abstaining from hearing constitutional challenges to unclear areas of state law that, if resolved, would make such challenges unnecessary to reach. *See* Railroad Commission v. Pullman Co., 312 U.S. 496 (1941). It is an uncertain area of state law concerning the interpretation of and interaction of Martinsburg City Code § 545.14 and the applicable West Virginia Code and West Virginia Constitution. The determination of the interpolation and interaction of the Martinsburg City Code § 545.14 with the West Virginia Code and West Virginia Constitution rests with the West Virginia State Court system. Under the federal structure of our government, only the West Virginia State Court system and ultimately the Supreme Court of Appeals have the authority to determine the meaning of West Virginia law. It would be appropriate in this case to abstain thus*:* (1) avoiding friction between federal and state courts, (2) reducing the likelihood of erroneous interpretations of state

law, and (3) avoiding unnecessary constitutional rulings.

*Pullman* abstention is designed to avoid an unnecessary decision on federal constitutional questions when a case may be disposed of on questions of state law. In order for *Pullman* abstention to apply in this case, the Court must be faced with a federal constitutional challenge to a state action and an unclear issue of state law that, if resolved, would make it unnecessary for [a federal court] to rule on the federal constitutional question." Id. Both of these factors are present in this case. This Court now faces a constitutional question that would be unnecessary to reach if the complex issues of state law were resolved. Should this Court has been asked to determine: (1) if the ordinance is ambiguous and  (2) the ordinance is invalid under other state law then the court must allow the state court to clarify these ambiguities under state laws, with the intention of preventing future federal litigation.  *See International Eateries of America, Inc. v. Board of County Com'rs of Broward County, Fla.*, 838 F.Supp. 580, 582-83 (S.D. Fla. 1993).

Even if the Plaintiff's constitutional challenge falls within federal jurisdiction, the federal abstention doctrine applies. The application of *Pullman* abstention is appropriate here because West Virginia Courts have not spoken to the appropriateness of    the restrictions of firearms in buildings owned by municipal government. The Supreme Court has justified *Pullman*-type abstention by saying that it "does not, of course, involve the abdication of federal jurisdiction, but only the postponement of its exercise." Harrison v. National  Assn. for the Advancement of Colored People, 360 U.S. 167 (1959). State courts should be the first and best means of interpreting an unclear state law. *Pullman* at 501.

Federal courts have a duty to adjudicate cases, but abstention is the extraordinary and narrow exception to this duty.  *See Aetna Life Ins. V. Layton*, 836 F.Supp. 355 (S.D.

W.Va. 1993).   However, federal courts possess the discretion to decline or exercise jurisdiction in deference to state court resolution of underlying state law issues.   *See Harman v. Forssenius*, 380 U.S. 528 (1965), distinguishable on other grounds.

First, the *Pullman* doctrine requires a question of unsettled state laws, for which state courts should adjudicate, supporting policies of judicial equity and comity.   *See Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941).   Not every vagueness challenge to an uninterrupted state statute warrants abstention, but unsettled questions capable of avoiding federal constitutional adjudication do warrant abstention. *See Procunier v. Martinez*, 416 U.S. 396 (1974), overruled on other grounds.

Second, in order to apply the *Pullman* doctrine, a federal constitutional issue must be argued.   *See Hughes v. White*, 388 F.Supp.2d 805 (S.D. Ohio 2008); *see also American Nat. Property & Cas. Co. v. Graham*, 370 F.Supp.2d 819 (E.D. Wisc. 2005); *see also Hurst v. Regis Low Ltd.*, 878 F.Supp. 981 (S.D. Tex 1995).   Further, it must be likely that a state court may interpret a challenged state statute to eliminate, or materially alter, the federal constitutional question.   *See Fuller v. Hurley*, 559 F.Supp. 313 (W.D. Va. 1983) (citing *Ohio Bureau of Employment Services v. Hodory*, 431 U.S. 431, 477 (1977) (citation omitted).

Overall, where a federal court's jurisdiction is properly invoked, and the relevant state constitutional statutory provisions are plain and unambiguous; there is no necessity for federal court to abstain.   *See Davis v. Mann*, 377 U.S. 678 (1964). However, in this case, the Plaintiffs challenge the clarity of applicable Martinsburg ordinances, and allege constitutional violations under the West Virginia and United States

constitutions.

Therefore, on its face, the Plaintiffs cannot state that the statutory provisions are plain and unambiguous.  The most prudent path is to allow the state courts to decide unsettled issues of state law.  In addition, because the state resolution is likely to eliminate or materially alter the federal constitutional issues, the federal court is should abstain until the underlying state claim is adjudicated.

### III. CONCLUSION

For the forgoing reasons, the Defendants City of Martinsburg,

George Karos, Mark S. Baldwin and Kevin Miller respectfully request that the

Court dismiss the Plaintiff's complaint with Prejudice.

Respectfully submitted this 28th day of July 2011.

> **CITY OF MARTINSBURG**, a West Virginia Municipal Corporation;
> **GEORGE KAROS**, personally and in his official capacity as the Mayor of the City of Martinsburg;
> **MARK S. BALDWIN**, personally and in his official capacity as the City Manager of the City of Martinsburg; and
> **KEVIN MILLER**, personally and in his official capacity as the Chief of Police of the City of Martinsburg
>                    By Counsel

s/ Floyd M. Sayre, III

Floyd M. Sayre, III (WVSB 4342)
BOWLES RICE MCDAVID GRAFF & LOVE LLP
Attorneys for Defendants
101 South Queen Street
Martinsburg, West Virginia   25401
Telephone: (304) 264-4226
Facsimile: (304) 267-3822
Email:  ksayre@bowlesrice.co

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

**WEST VIRGINIA CITIZENS DEFENSE
LEAGUE, INC**., a West Virginia nonprofit
corporation,

        Plaintiff,

                          Civil No.: 3:11-cv-00005-JPB

**CITY OF MARTINSBURG**, a West Virginia
Municipal Corporation;
**GEORGE KAROS**, personally and in his official
capacity as the Mayor of the City of
Martinsburg;
**MARK S. BALDWIN**, personally and
in his official capacity as the City
Manager of the City of Martinsburg;
and
**KEVIN MILLER**, personally and in
his official capacity as the Chief
of Police of the City of
Martinsburg,

        Defendants

## Certificate of Service

        I, Floyd M. Sayre, III, do hereby certify that on this 28th day of July 2011,

I electronically filed the **Defendants' Memorandum In Support Of Abstention** with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing

to the following CM/ECF participant:

James M. Mullins, Jr, Esquire
Mullins Law Office, L.C.
101 North Kanawha Street
Suite 401
Beckley, West Virginia   25801


s/ *Floyd M. Sayre, III*

Floyd M. Sayre, III (WVSB 4342)
BOWLES RICE MCDAVID GRAFF
& LOVE LLP
Attorneys for Defendants
101 South Queen Street
Martinsburg, West Virginia   25401
Telephone: (304) 264-4226
Facsimile: (304) 267-3822
Email:  ksayre@bowlesrice.com


3658565.1