IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Martinsburg

**WEST VIRGINIA CITIZENS DEFENSE LEAGUE, INC.**, a West Virginia nonprofit corporation,

        Plaintiff,

        v.                                      Civil Action No. 3:11-CV-5
                                                                 Judge Bailey

**CITY OF MARTINSBURG**, a West Virginia municipal corporation, **GEORGE KAROS**, personally and in his official capacity as Mayor of the City of Martinsburg, **MARK S. BALDWIN**, personally and in his official capacity as City Manager of the City of Martinsburg, and **KEVIN MILLER**, personally and in his official capacity as Chief of Police of the City of Martinsburg,

        Defendants.

## AMENDED ORDER OF ABSTENTION

This action was filed on January 24, 2011, challenging the constitutionality of Martinsburg City Code § 545.14, which prohibits the possession of a firearm or other deadly weapon in any building owned, leased or under the care, custody, and control of the City of Martinsburg (Doc. 3). The Complaint contains six counts, asserting: (1) that the provision is unconstitutionally vague under the due process clause of the Fourteenth Amendment; (2) that the provision is unconstitutionally vague under the due process clause of the West Virginia Constitution; (3) that the provision violates the right of an individual to keep and bear arms under the Second and Fourteenth Amendments; (4) that the provision violates the right of an individual to keep and bear arms under Article III, § 22 of the West

Virginia Constitution; (5) that the provision is preempted by state statute; and (6) that the provision is unauthorized by state statute and invalid as a matter of law (Doc. 3).

The Complaint seeks an injunction from enforcing the provision, declaratory relief, and attorneys fees and costs (Doc. 3).

On March 29, 2011, the defendants filed Defendants' Pre-Answer Motion to Dismiss (Doc. 12), seeking dismissal for lack of standing.

After finding sufficient standing and denying the Motion, this Court noted that it appeared "to this Court, however, that this might be an appropriate case for this Court to abstain.  This Court is aware that abstention represents 'an extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it.' **Quackenbush v. Allstate Ins. Co.**, 517 U.S. 706, 728 (1996), quoting **Colorado River Water Conservation Dist. v. United States**, 424 U.S. 800, 813 (1976), in turn quoting **County of Allegheny v. Frank Mashuda Co.**, 360 U.S. 185, 188 (1959).  The issue of abstention may be raised at any time *sua sponte* by the court.  Schwarzer, Tashima & Wagstaffe, *Fed. Civil Procedure Before Trial* [2:4390] (2011), citing **Bellotti v. Baird**, 428 U.S. 132, 143 (1976)." (Doc. 16).

Accordingly, this Court directed the parties to brief the issue of whether this Court should abstain from consideration of this case until such time as the state courts have the opportunity to address the state law challenges to the ordinance.  The parties have submitted their briefs, and this Court is now prepared to rule on the issue.

The facts and law of this case satisfy the criteria initially set forth in **Railroad Comm'n of Texas v. Pullman Co.**, 312 U.S. 496 (1941).  In **City of Meridian v. So. Bell**

*Tel. & Tel. Co.*, 358 U.S. 639 (1959), the Supreme Court stated:

> Proper exercise of federal jurisdiction requires that controversies involving unsettled questions of state law be decided in the state tribunals preliminary to a federal court's consideration of the underlying federal constitutional questions. See *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496. That is especially desirable where the questions of state law are enmeshed with federal questions. *Spector Motor Service, Inc. v. McLaughlin*, 323 U.S. 101, 105. Here, the state law problems are delicate ones, the resolution of which is not without substantial difficulty-certainly for a federal court. Cf. *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 483. In such a case, when the state court's interpretation of the statute or evaluation of its validity under the state constitution may obviate any need to consider its validity under the Federal Constitution, the federal court should hold its hand, lest it render a constitutional decision unnecessarily. *Railroad Commission of Texas v. Pullman Co.*, supra; *Spector Motor Service Inc. v. McLaughlin*, supra, 323 U.S. 104-105. See *Leiter Minerals, Inc. v. United States*, 352 U.S. 220, 228-229.

358 U.S. at 640-641.

In the case presently before this Court, the West Virginia constitutional provision, Article III, § 22, differs from and is not the "mirror image" of the Second Amendment to the United States Constitution. The courts were faced with a similar situation in *Reetz v. Bozanich*, 397 U.S. 82 (1970). In that case, the Supreme Court held that the lower court

should have deferred, under the *Pullman* doctrine, since a state court decision construing the state constitution and regulatory scheme "could conceivably avoid any decision under the Fourteenth Amendment and would avoid any possible irritant in the federal-state relationship." 397 U.S. at 87.

In *AFA Distributing Co., Inc. v. Pearl Brewing Co.*, 470 F.2d 1210 (4th Cir. 1973), the Fourth Circuit noted that "[i]n the application of the abstention doctrine, 'no principle has found more consistent or clear expression than that the federal courts should not adjudicate the constitutionality of state enactments fairly open to interpretation until the state courts have been afforded a reasonable opportunity to pass upon them.' *Harrison v. NAACP*, 360 U.S. 167, 176 (1959). The well-settled doctrine that a federal court will not anticipate a question of constitutional law and the special weight that doctrine carries in the maintenance of harmonious federal-state relations requires that a district court stay its proceedings until a potentially controlling state-law issue is authoritatively put to rest. *United Gas Pipe Line Co. v. Ideal Cement Co.*, 369 U.S. 134 (1962); *Baggett v. Bullitt*, 377 U.S. 360 (1964); *Louisiana Power & Light Co. v. Thibodaux*, 360 U.S. 25 (1959)."

"*Pullman* abstention requires federal courts to abstain from deciding an unclear area of state law that raises constitutional issues because state court clarification might serve to avoid a federal constitutional ruling. *England* detailed the proper procedure for federal courts to follow in *Pullman* cases: federal courts should retain jurisdiction over the case, but stay the proceedings so that state courts can rule on the state law question. *England* [*v. La. Bd. of Med. Examiners*], 375 U.S. [411] at 416 [1964]. If the state court fails to resolve the issue, however, the parties may then return to federal court for a ruling on the

constitutional issue." **Nivens v. Gilchrist**, 444 F.3d 237, 245-46 (4th Cir. 2006).

"**Pullman** abstention serves two primary goals: (1) avoiding constitutional questions when their resolution is unnecessary, and (2) allowing state courts to decide issues of state law. See **Pullman**, 312 U.S. at 500." **Id.** at 246.

In its brief, the defendants predictably favor abstention, while the plaintiff opposes abstention. In its opposition, the plaintiff argues (1) that abstention is extraordinary and unwarranted; (2) that similar constitutional issues are an insufficient ground for abstention; and (3) certification is preferable to abstention.

This Court has already addressed why it believes that abstention is appropriate. With respect to the second argument, this Court has already noted that the West Virginia Constitutional provision is not the "mirror image" of the Second Amendment. In addition, the plaintiff's reliance on **Examining Board v. Flores de Otero**, 426 U.S. 572 (1976) is misplaced. In **Flores de Otero**, the Supreme Court held that abstention was inappropriate where the state constitutional provisions were "broad and sweeping." 426 U.S. at 598.[1]

In th present case, the West Virginia constitutional provision is not "broad and sweeping," but rather is directly germane to the issues presented in this case.

With respect to the contention that certification is preferable to abstention, this Court is aware of **Arizonans for Official English v. Arizona**, 520 U.S. 43 (1997), in which the Supreme Court held that:

---

[1]In **Flores de Otero**, the Court was dealing with a Puerto Rico statute limiting the practice of civil engineers to United States citizens. The licensing board argued that the courts should have abstained to allow the statute to be construed under provisions in the Puerto Rico Constitution providing that "No discrimination shall be made on account of race, color, sex, birth, social origin or condition, or political or religious ideas" and "No person in Puerto Rico shall be denied the equal protection of the laws."

Case 3:11-cv-00005-JPB   Document 30   Filed 09/13/11   Page 6 of 8   PageID #: 191

> Certification today covers territory once dominated by a deferral device called "*Pullman* abstention," after the generative case, *Railroad Comm'n of Tex. v. Pullman Co.,* 312 U.S. 496 (1941). Designed to avoid federal-court error in deciding state-law questions antecedent to federal constitutional issues, the *Pullman* mechanism remitted parties to the state courts for adjudication of the unsettled state-law issues. If settlement of the state-law question did not prove dispositive of the case, the parties could return to the federal court for decision of the federal issues. Attractive in theory because it placed state-law questions in courts equipped to rule authoritatively on them, *Pullman* abstention proved protracted and expensive in practice, for it entailed a full round of litigation in the state court system before any resumption of proceedings in federal court. See generally 17A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* §§ 4242, 4243 (2d ed.1988 and Supp.1996).
>
> Certification procedure, in contrast, allows a federal court faced with a novel state-law question to put the question directly to the State's highest court, reducing the delay, cutting the cost, and increasing the assurance of gaining an authoritative response. See Note, Federal Courts-Certification Before Facial Invalidation: A Return to Federalism, 12 W. New Eng. L.Rev. 217 (1990).

520 U.S. at 75-76.

While certification provides an attractive alternative to abstention in the appropriate

6

case, certification has not totally supplanted the doctrine of *Pullman* abstention.  *See Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Committee*, 283 F.3d 650 (5th Cir. 2002); *Ford Motor Co. v. Meredith Motor Co., Inc.*, 257 F.3d 67 (1st Cir. 2001).

In *Nationwide*, the Fifth Circuit elected to affirm the district court's decision to abstain and declined certification, stating that the Supreme Court of Texas "would be better suited to answer this question with the benefit of records generated in state court . . . than it would by receiving a certified question . . . with a relatively limited record on appeal." 283 F.3d at 656-57.

Similarly, in *Catlin v. Ambach*, 820 F.2d 588, 591 (2d Cir. 1987), the Second Circuit elected to abstain under *Pullman* rather than certify a state law issue to state court. ("We deem abstention preferable to use of the new certification procedure because the resolution of the state law issue might require factfinding in the state courts.").

In this case, the delay occasioned by the use of abstention is ameliorated inasmuch as the plaintiff has requested that this Court stay any decision on the merits until the Supreme Court considers and acts upon the petition for *certiorari* filed in *United States v. Masciandaro*, 638 F.3d 458 (4th Cir. 2011). (Doc. 21). The plaintiff acknowledges that *Masciandaro* is adverse legal authority.

For the reasons stated above, this Court will abstain from ruling on the issues presented by this case. This action will be stayed so that the plaintiff may present its state law issues to state court. The Court notes that the plaintiff has filed a reservation under *England v. La. State Bd. of Med. Examiners*, 375 U.S. 411, 421-22 (1964), reserving the right to adjudicate the federal law issues in this Court. In the event that the state courts do

7

not resolve this case under state law, the plaintiff will be permitted to seek a ruling on the federal issues in this Court.

This action is hereby **STAYED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: September 13, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE