IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Martinsburg

**WEST VIRGINIA CITIZENS DEFENSE LEAGUE, INC.**, a West Virginia nonprofit corporation,

        Plaintiff,

        v.                                           **Civil Action No. 3:11-CV-5**
                                                                        Judge Bailey

**CITY OF MARTINSBURG**, a West Virginia municipal corporation, **GEORGE KAROS**, personally and in his official capacity as Mayor of the City of Martinsburg, **MARK S. BALDWIN**, personally and in his official capacity as City Manager of the City of Martinsburg, and **KEVIN MILLER**, personally and in his official capacity as Chief of Police of the City of Martinsburg,

        Defendants.

**AMENDED ORDER DENYING DEFENDANTS'
PRE-ANSWER MOTION TO DISMISS**

        Pending before this Court is Defendants' Pre-Answer Motion to Dismiss (Doc. 12), filed on March 29, 2011.  The Motion has been fully briefed and is ripe for decision.

        This action was filed on January 24, 2011, challenging the constitutionality of Martinsburg City Code § 545.14, which prohibits the possession of a firearm or other deadly weapon in any building owned, leased or under the care, custody, and control of the City of Martinsburg (Doc. 3).  The Complaint contains six counts, asserting: (1) that the provision is unconstitutionally vague under the due process clause of the Fourteenth Amendment; (2) that the provision is unconstitutionally vague under the due process clause

of the West Virginia Constitution; (3) that the provision violates the right of an individual to keep and bear arms under the Second and Fourteenth Amendments; (4) that the provision violates the right of an individual to keep and bear arms under Article III, § 22 of the West Virginia Constitution; (5) that the provision is preempted by state statute; and (6) that the provision is unauthorized by state statute and invalid as a matter of law (Doc. 3).

The Complaint seeks an injunction from enforcing the provision, declaratory relief, and attorneys fees and costs (Doc. 3).

Defendants' Pre-Answer Motion to Dismiss (Doc. 12) seeks dismissal for lack of standing.

"The standing doctrine is an indispensable expression of the Constitution's limitation on Article III courts' power to adjudicate 'cases and controversies.' **Allen v. Wright**, 468 U.S. 737, 750-51 (1984). The burden of establishing standing to sue lies squarely on the party claiming subject-matter jurisdiction. **Lujan v. Defenders of Wildlife**, 504 U.S. 555, 561 (1992)." **Frank Krasner Enterprises, Ltd. v. Montgomery Cty.**, 401 F.3d 230, 234 (4th Cir. 2005).

"To establish 'a case or controversy' within the meaning of Article III, plaintiff must show the following as an 'irreducible minimum': *Injury in fact:* An 'injury in fact' which is concrete and not conjectural; *Causation:* A causal connection between the injury and defendant's conduct or omissions; and *Redressability:* A likelihood that the injury will be redressed by a favorable decision. **Lujan v. Defenders of Wildlife** (1992) 504 US 555, 560–561; **Sprint Communications Co., L.P. v. APCC Services, Inc**. (2008) 554 US 269, 274." Schwarzer, Tashima & Wagstaffe, *Fed. Civil Procedure Before Trial* [2:4106] (2011).

"[T]he injury-in-fact element requires that the plaintiff 'suffer an invasion of a legally protected interest which is concrete and particularized, as well as actual or imminent.' ***Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.,*** 204 F.3d 149, 154 (4th Cir. 2000) (en banc) (citing ***Defenders of Wildlife,*** 504 U.S. at 560). The alleged injury must not be 'conjectural or hypothetical.' [***Friends of the Earth, Inc. v.***] ***Laidlaw*** [***Envtl. Servs. (TOC), Inc.***], 528 U.S. at 180; ***Defenders of Wildlife,*** 504 U.S. at 560 (internal quotations omitted). The traceability requirement ensures that it is likely the plaintiff's injury was caused by the challenged conduct of the defendant, and not by the independent actions of third parties not before the court. ***Gaston Copper,*** 204 F.3d at 154 (citing ***Defenders of Wildlife,*** 504 U.S. at 560). And the redressability prong requires that it be likely, and not merely speculative, that a favorable decision from the court will remedy the plaintiff's injury. ***Id.*** (citing ***Defenders of Wildlife,*** 504 U.S. at 561)." ***Friends for Ferrell Parkway, LLC v. Stasko***, 282 F.3d 315 (4th Cir. 2002).

Standing generally requires a showing that plaintiff has suffered actual loss, damage or injury, or is threatened with impairment of his or her own interests. This tends to assure that plaintiff has a sufficient stake in the outcome of the suit to make it a real "case or controversy." ***Gladstone Realtors v. Village of Bellwood***, 441 US 91, 100 (1979).

The purpose of the standing requirement is clear. "Federal courts are not comprised of philosopher-kings or legislative aides, and the Constitution forbids us from pontificating about abstractions in the law or merely giving advice about the potential legal deficiencies of a law or policy when no ongoing controversy exists with respect to that law or policy." ***Incumaa v. Ozmint,*** 507 F.3d 281, 289 (4th Cir. 2007). Federal courts must decide live

controversies and must avoid giving advisory opinions on abstract propositions of law. *Id.* at 287.

The Supreme Court has provided guidance in this area:

> Our analysis must begin with the recognition that, where threatened action by *government* is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat—for example, the constitutionality of a law threatened to be enforced. The plaintiff's own action (or inaction) in failing to violate the law eliminates the imminent threat of prosecution, but nonetheless does not eliminate Article III jurisdiction. For example, in **Terrace v. Thompson**, 263 U.S. 197 (1923), the State threatened the plaintiff with forfeiture of his farm, fines, and penalties if he entered into a lease with an alien in violation of the State's anti-alien land law. Given this genuine threat of enforcement, we did not require, as a prerequisite to testing the validity of the law in a suit for injunction, that the plaintiff bet the farm, so to speak, by taking the violative action. *Id.,* at 216. *See also*, *e.g.,* **Village of Euclid v. Ambler Realty Co.**, 272 U.S. 365 (1926); **Ex parte Young**, 209 U.S. 123 (1908). Likewise, in **Steffel v. Thompson**, 415 U.S. 452 (1974), we did not require the plaintiff to proceed to distribute handbills and risk actual prosecution before he could seek a declaratory judgment regarding the constitutionality of a state statute prohibiting such distribution. *Id.,* at 458-460. As then-Justice Rehnquist put

it in his concurrence, "the declaratory judgment procedure is an alternative to pursuit of the arguably illegal activity." *Id.,* at 480. In each of these cases, the plaintiff had eliminated the imminent threat of harm by simply not doing what he claimed the right to do (enter into a lease, or distribute handbills at the shopping center). That did not preclude subject-matter jurisdiction because the threat-eliminating behavior was effectively coerced. *See* **Terrace***, supra,* at 215-216; **Steffel***, supra,* at 459. The dilemma posed by that coercion-putting the challenger to the choice between abandoning his rights or risking prosecution-is "a dilemma that it was the very purpose of the Declaratory Judgment Act to ameliorate." **Abbott Laboratories v. Gardner***,* 387 U.S. 136 (1967).

**MedImmune, Inc. v. Genentech, Inc.**, 549 U.S. 118, 128-129 (2007).

In its response (Doc. 14), the plaintiff states that its members "prefer 'official adjudication to public disobedience'." **National Rifle Ass'n v. Magaw**, 132 F.3d 272, 287 (6th Cir. 1997), quoting 13A, Wright, Miller & Cooper, *Federal Practice & Procedure*, § 3532.5, at 183-184 (2d ed. 1984).

As noted in **Mobil Oil Corp. v. Attorney General**, 940 F.2d 73, 75 (4th Cir. 1991), "[p]ublic policy should encourage a person aggrieved by laws he considers unconstitutional to seek a declaratory judgment against the arm of the state entrusted with the state's enforcement power, all the while complying with the challenged law, rather than to deliberately break the law and take his chances in the ensuing suit or prosecution."

The standing issue in this case is complicated by the fact that the plaintiff seeks to

assert associational standing.  "[A]n association has standing to bring suit on behalf of its members when: (1) its members would otherwise have standing to sue as individuals; (2) the interests at stake are germane to the group's purpose; and (3) neither the claim made nor the relief requested requires the participation of individual members in the suit." ***Friends for Ferrell Parkway, LLC v. Stasko***, 282 F.3d 315 (4th Cir. 2002), citing ***Laidlaw,*** 528 U.S. at 181;  ***Hunt v. Wash. State Apple Adver. Comm'n,*** 432 U.S. 333, 343 (1977).

The Complaint in this case is deficient in that it fails to identify the members of the association who have suffered or will suffer harm and would be entitled to sue in their own right.  *See* Schwarzer, Tashima & Wagstaffe, *Fed. Civil Procedure Before Trial* [2:4210] (2011); ***Amer. Immigration Lawyers Ass'n v. Reno***, 18 F.Supp.2d 38, 51 (D. D.C. 1998); ***United States v. AVX Corp.***, 962 F.2d 108 (1st Cir. 1992);  ***Maine Ass'n of Indep. Neighborhoods v. Comm'r Maine Dep't of Human Servs.***, 747 F.Supp. 88 (D. Maine 1990); ***Clark v. Burger King Corp.***, 255 F.Supp.2d 334 (D. N.J. 2003); ***Forum for Academic and Institutional Rights, Inc. v. Rumsfeld***, 291 F.Supp.2d 269 (D. N.J. 2003).

The plaintiff has, however, appended a declaration to its response (Doc. 14-1), which identifies one member of the plaintiff who (1) resides in Berkeley County; (2) is licensed to carry a concealed weapon; (3) regularly carries a handgun for personal protection, unless prohibited by federal, state or local law or regulation; (4) is a regular visitor to a restaurant located in a city-owned building; and (5) would carry a handgun while visiting City-owned buildings were it not for the defendants' ordinance.

Based upon the Complaint and the affidavit, this Court finds that the plaintiff has established standing to proceed with this action.  This Court finds the threat of prosecution

to be real. This Court is confident that if one of the plaintiff's members attempts to enter certain of the City's buildings, that person will be stopped and prohibited from entering or arrested.

There is little else a person who wishes to challenge this ordinance can do, other than violate the law. This, as noted above, is not required. Accordingly, this Court finds that the plaintiff has standing and the Defendants' Pre-Answer Motion to Dismiss (Doc. 12) is **DENIED**.

It appears to this Court, however, that this might be an appropriate case for this Court to abstain. This Court is aware that abstention represents "an extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it." ***Quackenbush v. Allstate Ins. Co.***, 517 U.S. 706, 728 (1996), quoting ***Colorado River Water Conservation Dist. v. United States***, 424 U.S. 800, 813 (1976), in turn quoting ***County of Allegheny v. Frank Mashuda Co.***, 360 U.S. 185, 188 (1959). The issue of abstention may be raised at any time *sua sponte* by the court. Schwarzer, Tashima & Wagstaffe, *Fed. Civil Procedure Before Trial* [2:4390] (2011), citing ***Bellotti v. Baird***, 428 U.S. 132, 143 (1976).

It would appear to this Court that the facts and law of this case satisfy the criteria initially set forth in ***Railroad Comm'n of Texas v. Pullman Co.***, 312 U.S. 496 (1941). In ***City of Meridian v. So. Bell Tel. & Tel. Co.***, 358 U.S. 639 (1959), the Supreme Court stated:

> Proper exercise of federal jurisdiction requires that controversies involving unsettled questions of state law be decided in the state tribunals preliminary

>to a federal court's consideration of the underlying federal constitutional questions.  See **Railroad Commission of Texas v. Pullman Co.**, 312 U.S. 496.  That is especially desirable where the questions of state law are enmeshed with federal questions.  **Spector Motor Service, Inc. v. McLaughlin**, 323 U.S. 101, 105.  Here, the state law problems are delicate ones, the resolution of which is not without substantial difficulty-certainly for a federal court.  Cf. **Thompson v. Magnolia Petroleum Co.**, 309 U.S. 478, 483.  In such a case, when the state court's interpretation of the statute or evaluation of its validity under the state constitution may obviate any need to consider its validity under the Federal Constitution, the federal court should hold its hand, lest it render a constitutional decision unnecessarily.  **Railroad Commission of Texas v. Pullman Co.**, supra; **Spector Motor Service Inc. v. McLaughlin**, supra, 323 U.S. 104-105.  See **Leiter Minerals, Inc. v. United States**, 352 U.S. 220, 228-229.

358 U.S. at 640-641.

In the case presently before this Court, the West Virginia constitutional provision, Article III, § 22, differs from and is not the "mirror image" of the Second Amendment to the United States Constitution.  The courts were faced with a similar situation in **Reetz v. Bozanich**, 397 U.S. 82 (1970).  In that case, the Supreme Court held that the lower court should have deferred, under the **Pullman** doctrine, since a state court decision construing the state constitution and regulatory scheme "could conceivably avoid and decision under the Fourteenth Amendment and would avoid any possible irritant in the federal-state

relationship." 397 U.S. at 87.

In *AFA Distributing Co., Inc. v. Pearl Brewing Co.*, 470 F.2d 1210 (4th Cir. 1973), the Fourth Circuit noted that "[i]n the application of the abstention doctrine, 'no principle has found more consistent or clear expression than that the federal courts should not adjudicate the constitutionality of state enactments fairly open to interpretation until the state courts have been afforded a reasonable opportunity to pass upon them.' *Harrison v. NAACP*, 360 U.S. 167, 176 (1959). The well-settled doctrine that a federal court will not anticipate a question of constitutional law and the special weight that doctrine carries in the maintenance of harmonious federal-state relations requires that a district court stay its proceedings until a potentially controlling state-law issue is authoritatively put to rest. *United Gas Pipe Line Co. v. Ideal Cement Co.*, 369 U.S. 134 (1962); *Baggett v. Bullitt*, 377 U.S. 360 (1964); *Louisiana Power & Light Co. v. Thibodaux*, 360 U.S. 25 (1959)."

Inasmuch as this Court has *sua sponte* raised the issue of abstention or deferral, the parties shall have 14 days from the date of this Order to comment and/or object to such action.

For the reasons stated above:

The Defendants' Pre-Answer Motion to Dismiss **(Doc. 12)** is **DENIED**; and

The parties shall have fourteen (14) days from the date of this Order to comment and/or object to this Court abstaining or deferring action in this case, pending resolution of the state law issues in state court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: September 13, 2011.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE