IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

West Virginia Citizens Defense League, Inc.,

    Plaintiff,

        v.

City of Martinsburg, *et al.*, Defendants

Civil Action No. 3:11-cv-5-JPB

(Bailey, C.J.)

# Plaintiff's Memorandum of Law in Support of

# Plaintiff's Motion to Reconsider Order of Abstention

The Plaintiff, West Virginia Citizens Defense League, Inc. (hereinafter "WVCDL"), by and through its undersigned counsel, respectfully submits the following in support of its motion pursuant to Fed. R. Civ. P. 60(b)(1) and (6) for reconsideration of this Court's Amended Order of Abstention, [Doc. 30], 2011 WL 4074684, and the entry of an order vacating said Order of Abstention and lifting the stay of proceedings in this case contained therein.

## I. This Court's Order of Abstention is Contrary to

## *Arizonans for Official English v. Arizona* and Its Progeny

While this Court granted WVCDL a basic notice of this Court's contemplation of *Pullman* abstention, *see* [Doc. 16] at 7-9; [Doc. 31] at 7-9 (amended order), neither this Court nor the Defendants raised a significant possibility of this Court disregarding the clear guidance of the Supreme Court's in *Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997), and its progeny that federal courts should use state certification procedures where available in lieu of *Pullman* abstention barring particularly unusual circumstances. However, that is exactly what

1

this Court has done. This Court's surprising disregard of *Arizonans* and its progeny in the Courts of Appeals of our Circuit and at least 7 other Circuits compels WVCDL to request that this Court reconsider its Order of Abstention and supplement its prior arguments against abstention, [Doc. 19]; [Doc. 22], with the following in response to the points and authorities presented for the first time in this Court's Order of Abstention.

Following *Arizonans*, no less than 8 Circuits endorsed, as a general rule, certification over exercising abstention (which would force § 1983 plaintiffs to file additional litigation in state court) in most *Pullman*-type cases. Our Circuit and the First, Sixth, and Seventh Circuits have certified state-law questions in *Pullman*-type cases subsequent to *Arizonans* in compliance with the Supreme Court's directive. *See, e.g., PSINet, Inc. v. Chapman*, 317 F.3d 413, 415 (4th Cir. 2003) (certifying 2 questions to the Supreme Court of Virginia); *Romero v. Colegio de Abogados de Puerto Rico*, 204 F.3d 291, 305 (1st Cir. 2000) (directing the District Court to certify question on remand); *American Booksellers Foundation for Free Expression v. Strickland*, 560 F.3d 443 (6th Cir. 2009) (certifying *sua sponte* 2 questions of law to the Supreme Court of Ohio and briefly discussing the merits of certification); *Brownsburg Area Patrons Affecting Change v. Baldwin*, 137 F.3d 503, 509-10 (7th Cir. 1998) (certifying *sua sponte* a question to the Supreme Court of Indiana).

Other Circuits have also certified state-law questions in *Pullman*-type cases and directly addressed the merits of certification over abstention with much greater clarity. The Ninth Circuit prefers certification over abstention "in *Pullman*-type abstention cases 'because the alternative to certification is federal court abstention and the attendant delay until resolution of derivative state court . . . action (including trial, the right to a direct appeal, and the right to seek discretionary review after the direct appeal).'" *Doyle v. City of Medford*, 565 F.3d 536, 543 (9th Cir. 2009)

2

(citation omitted) (certifying question to the Oregon Supreme Court). The Second, Tenth, and Eleventh Circuits have likewise expressed strong preferences for certification over abstention in the absence of unusual circumstances, such as parallel litigation pending in state courts,[1] following the Supreme Court's decision in *Arizonans for Official English*. "*Arizonans* made quite clear that . . . the device of certification provides all the benefits of *Pullman* abstention . . . [and] therefore . . . we should consider certifying in more instances than had previously been thought appropriate." *Tunick v. Safir*, 209 F.3d 67, 73 (2d Cir. 2000) (certifying 3 questions to the New York Court of Appeals); *see also Allstate Insurance Co. v. Serio*, 261 F.3d 143, 151 (2d Cir. 2001) (observing in constitutional case that "the Supreme Court indicated that certification is usually preferable to abstention" and certifying 4 questions to the New York Court of Appeals). The Tenth Circuit rejected *Pullman* abstention because "the Supreme Court has expressed a preference for certifying questions to a state's supreme court." *Kansas Judicial Review v. Stout*, 519 F.3d 1107, 1119 (10th Cir. 2008) (certifying 5 questions to the Kansas Supreme Court). "Certification . . . offers substantial benefits over the traditional *Pullman* abstention method . . . . '[It] save[s] time, energy, and resources and helps build a cooperative judicial federalism.'" *Pittman v. Cole*, 267 F.3d 1269, 1289-91 (11th Cir. 2001) (citation omitted) (holding that the District Court abused its discretion by exercising *Pullman* abstention and directing the District Court to certify questions to the Alabama Supreme Court on remand).

The Fifth Circuit alone "has tended to avoid certification in favor of abstention." Molly Thomas-Jensen, *Certification After* Arizonans for Official English v. Arizona*: A Survey of*

---

[1] The Fifth Circuit's decision in *Nationwide Mutual Insurance Co. v. Unauthorized Practice of Law Committee of State Bar of Texas*, 283 F.3d 650 (5th Cir. 2002), which this Court cited in its Order of Abstention, relied heavily on the Fifth Circuit's prudential concern for not interfering with at least two parallel cases pending in state court. *Id.* at 656-57. *See also Currie v. Group Insurance Commission*, 290 F.3d 1 (1st Cir. 2002) (refusing to certify because state-law issue was pending in state courts). This case does not present this "unusual circumstance," as there is no parallel litigation pending in state court.

*Federal Appellate Courts' Practices*, 87 Den. U. L. Rev. 139, 158 (2009), available at http://mediaserv.law.du.edu/pdf/lawreview/Thomas-Jensen_ToDarby_10.28.09.pdf.  Contrary to the precedents of at least 8 other Circuits—including our Circuit—there is no reported instance of the Fifth Circuit ever certifying a state-law question in a *Pullman*-type setting. *Id.* [2] The Fifth Circuit's approach is contrary to binding Fourth Circuit precedent, see *PSINet*, 317 F.3d at 415, and the precedents of at least 7 other Circuits that have taken the same approach as our Circuit with varying levels of explanation and analysis of the merits of certification over abstention. Based on both the contrary Fourth Circuit precedent and the Fifth Circuit's predication of its decision in *Nationwide* on a prudential concern for avoiding interference with active state court litigation, 283 F.3d at 656-57, not present here, *Nationwide* does not support abstention in this case.

This Court next erred in its citation of *Ford Motor Co. v. Meredith Motor Co., Inc.*, 257 F.3d 67 (1st Cir. 2001), in support of its decision to abstain.  In *Ford*, the First Circuit abstained because "[s]ince the filing of its federal court action, Ford has appealed the decision of the [New Hampshire Motor Vehicle Industry] Board to the New Hampshire Superior Court." 257 F.3d at 72. By its own action, Ford removed the option of certification in its federal case from the table.[3] In the previous year, the First Circuit ordered the District Court to certify questions on remand to resolve a *Pullman*-type problem in *Romero*. 204 F.3d at 305.  Two years after *Romero* and one

---

[2] *See also* footnote 1, supra.

[3] This Court's Order of Abstention in this case will force WVCDL and its coplaintiffs who are not parties to this case in this Court to jeopardize their pursuit of federal court litigation in *West Virginia Citizens Defense League, Inc., et al. v. City of Charleston, et al.*, Civil Action No. 2:11-cv-48 (S.D. W.Va. filed Jan. 24, 2011), as the parallel litigation directed by this Court's Order of Abstention may raise sufficiently similar state-law litigation to constitute the requisite "unusual circumstance" to justify abstention over certification even though all parties to the *Charleston* litigation, unlike the Defendants in this case, have joined WVCDL and the other plaintiffs in support of certification over abstention. WVCDL has made patently clear in both cases that it opposes abstention and its *Charleston* litigation will likely be prejudiced by state court litigation in this case if this Court's Order of Abstention stands.

4

year after *Ford*, the First Circuit again abstained in *Currie*, where the Court found, as in *Ford*, parallel litigation pending in state courts.  The First Circuit's abstention cases are perfectly in line with WVCDL's position and do not support abstention here, where there are no similar cases pending in state court.

Finally, this Court erred in its citation of *Catlin v. Ambach*, 820 F.2d 588, 591 & n. 2 (2d Cir. 1987), in support of its decision to abstain.  *Catlin* does not support abstention in this case for two reasons:

First, *Catlin* predates the Supreme Court's decision in *Arizonans* and the Second Circuit's decisions in *Tunick* and *Allstate* adopting a more expansive view of certification in light of *Arizonans*. *Catlin* was one of the first cases presented under New York's certification law, which took effect January 1, 1986—less than 18 months prior to the decision in *Catlin*. Judith S. Kaye and Kenneth I. Weissman, *Interactive Judicial Federalism: Certified Questions in New York*, 69 Fordham L. Rev. 373, 373, 392 (2000), available at http://ir.lawnet.fordham.edu/flr/vol69/iss2/3. At the time of the *Catlin* decision, the New York Court of Appeals had answered one certified question in *Kidney v. Kolmar Labs., Inc.*, No. 86-7194 (2d Cir. July 7, 1986) (certification order); 68 N.Y.2d 343, 502 N.E.2d 168 (1986) (certified question answered); 808 F.2d 955 (2d Cir. 1987) (opinion after certified question answered), and declined to answer two certified questions in *Rufino v. United States*, No. 86-6175 (2d Cir. Jan. 21, 1987) (certification order); 69 N.Y.2d 310, 506 N.E.2d 910 (1987) (declining to answer certified questions); 829 F.2d 354 (2d Cir. 1987) (opinion after certified questions declined), on the grounds that the same issue was being litigated in state courts.  *See generally* Appendix B, *Interactive Judicial Federalism*, 69 Fordham L. Rev. at 423-25 (collecting New York certified question cases from Jan. 1, 1986 to Sep. 18, 2000).

5

Second, the second footnote of *Catlin*, 820 F.2d at 591 n. 2 ("We deem abstention preferable to use of the new certification procedure because the resolution of the state law issue might require factfinding in the state courts."), appears to be a significant aberration that has no subsequent reported judicial history—until now. WVCDL urges this Court to disregard footnote 2 of *Catlin* because *Catlin* is not binding on this Court and it would create the perfect pretext for a party moving for abstention or a court acting *sua sponte* to assert the most miniscule possibility of a need for factfinding that "would convert abstention from an exception into a general rule." *Examining Board of Engineers v. Flores De Otero*, 426 U.S. 572, 598 (1976) (avoiding application of *Pullman* that threatened to expand abstention from an exception to a general rule). To the extent this footnote has any currency, it cannot be read in isolation. New York's certification procedure does not permit federal district courts to certify questions; only "the Supreme Court of the United States, a court of appeals of the United States or an appellate court of last resort of another state," N.Y. Const. art. VI, § 3(b), cl. 9; *see also Interactive Judicial Federalism*, 69 Fordham L. Rev. at 392-93, may certify questions of law to the New York Court of Appeals. *Compare with* W.Va. Code § 51-1A-3 (permitting, *inter alia*, "any court of the United States," to certify questions). As this Court is well aware, the West Virginia Supreme Court of Appeals regularly answers questions certified by this Court. E.g., *Barr v. NCB Management Services, Inc.*, 227 W.Va. 507, 711 S.E.2d 577 (2011) (question certified by Bailey, J.); *L.H. Jones Equipment Co. v. Swenson Spreader LLC*, 224 W.Va. 570, 687 S.E.2d 353 (2009); *Timber Ridge, Inc. v. Hunt Country Asphalt & Paving, LLC*, 222 W.Va. 784, 671 S.E.2d 789 (2008) (questions certified by Bailey, J.). To the extent *Catlin*'s second footnote is still followed in the Second Circuit, it cannot be lost on this Court that West Virginia's more permissive certification process permits early certification by a District Court, which eliminates

the possibility of unnecessarily litigating an issue that cannot be resolved at an early stage by a District Court in New York. As this Court is aware, the questions certified by this Court and answered by the West Virginia Supreme Court of Appeals in, e.g., *Barr*; *L.H. Jones*; *Arbaugh v. Board of Educ., County of Pendleton*, 214 W.Va. 677, 591 S.E.2d 235 (2003); *Feliciano v. 7-Eleven, Inc.*, 210 W.Va. 740, 559 S.E.2d 713 (2001); and *Bower v. Westinghouse Elec. Corp.*, 206 W.Va. 133, 522 S.E.2d 424 (1999), were certified during this Court's consideration of pre-answer motions to dismiss each of those cases.

## II. This Court's Order of Abstention was not Supported by Sufficiently Open Question of State Law.

Neither this Court's Order of Abstention, [Doc. 27]; [Doc. 30] (amended order), nor its supplemental briefing order contained in the order denying the Defendants' pre-answer motion to dismiss, [Doc. 16] at 7-9; [Doc. 31] at 7-9 (amended order), nor the Defendants' Memorandum in Support of Abstention, [Doc. 20], identify any cogent arguments demonstrating that the controlling state law is unsettled to the degree that would support *Pullman* abstention. WVCDL reminds this Court that in Plaintiff's Response and Objections to Proposed *Pullman* Abstention, [Doc. 19] at 2-5, WVCDL noted that, at that time, the Defendants had yet to make a single argument to counter the extensive arguments WVCDL made in Plaintiff's Memorandum of Law in Response and Opposition to Defendants' First Motion to Dismiss, [Doc.14].

At the time this Court entered its Order of abstention, the Defendants' pre-answer motion to dismiss, [Doc. 12], remained before this Court without action on the Defendants' naked assertion that the original Complaint failed to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6). "As a general rule, an amended pleading ordinarily supersedes the

7

original and renders it of no legal effect." *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (citation and quotation marks omitted).  Accordingly, the filing of WVCDL's First Amended Complaint rendered moot the Defendants' pre-answer motion to dismiss for failure to state a claim upon which relief may be granted and any case for abstaining based on the original Complaint and motion to dismiss in response thereto. *Standard Chlorine of Del., Inc. v. Sinibaldi*, 821 F. Supp. 232, 239-40 (D. Del. 1992) (holding that filing an amended complaint renders a motion to dismiss the original complaint moot); *Baucom v. Cabarrus Eye Center, P.A.*, 2006 WL 2569079 (M.D. N.C. 2006) (same); *cf. Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (holding that the court should rule on a motion for leave to amend a complaint before deciding a motion to dismiss that same complaint because allowing leave to amend renders the motion to dismiss moot).

Based upon the Defendants' choice to file an answer rather than a pre-answer motion to dismiss the First Amended Complaint and the mootness of the original Complaint and motion to dismiss by the Defendants, WVCDL submits that this Court was without a record supporting its decision to abstain under the *Pullman* doctrine, entered just hours after the Defendants' answer to the First Amended Complaint.  WVCDL urges this Court to require the Defendants, who are represented by one of the larger and more prestigious law firms in our state, to fully brief any legal arguments they wish to assert in their defense of this case and not rely upon pure speculation and conjecture as to the possible ways West Virginia state law could be interpreted differently than WVCDL has argued at length in its previous filings in this case.  At a bare minimum, should this court reject this motion to reconsider the Order of Abstention, it should provide the parties and the Court of Appeals a better record of the basis on which the controlling state law is unsettled to the degree required by *Pullman*.

## III. This Court's Order of Abstention Unduly Delays Litigation in Defense of a Sensitive Constitutional Right.

This Court's Order of Abstention will unduly delay WVCDL's efforts to vindicate its members' fundamental, individual, constitutionally-protected right to keep and bear arms. Applying Supreme Court and Fourth Circuit precedent disfavoring abstention in cases involving sensitive constitutional rights, the U.S. District Court for the District of South Carolina declined to exercise *Pullman* abstention in *Southeast Booksellers Ass'n v. McMaster*, 282 F.Supp.2d 389 (D. S.C. 2003), noting:

> The Supreme Court has indicated that abstention is disfavored in the setting of sensitive Constitutional rights, such as freedom of speech. *See, e.g., Procunier v. Martinez*, 416 U.S. 396, 404 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989). Similarly, the Fourth Circuit has noted that courts "have been particularly reluctant to abstain in cases involving facial challenges based on the First Amendment, because the delay involved might itself effect the impermissible chilling of the very constitutional right [the litigant] seeks to protect." *[North Carolina Right to Life, Inc. v.] Bartlett*, 168 F.3d [705,] 711 n. 1 [(4th Cir. 1999)] (internal citations omitted).

*Id.* at 396-97 (first alteration in original). An individual's right to keep and bear arms is among those sensitive, fundamental, individual, constitutionally-protected rights deserving of the same protection as an individual's freedom of speech. *See U.S. v. Chester*, 628 F.3d 673, 682 (4th Cir. 2010).

In defense of the delay that would be caused by the Order of Abstention, this Court suggested that WVCDL somehow opened the door to a delay in these proceedings when WVCDL filed its First Notice of Supplemental Legal Authority, [Doc. 21], notifying this Court that the decision of our Court of Appeals in *U.S. v. Masciandaro*, 638 F.3d 458 (4th Cir. 2011), is now the subject of an active petition for certiorari before the Supreme Court of the United

States, No. 10-11212 (filed June 22, 2011), and urging this Court to defer any dispositive rulings on WVCDL's Second Amendment claims in Count 3 of the original Complaint until the Supreme Court has acted on the petition.  WVCDL's suggestion of deferring action on Count 3 of the original complaint was nothing more than a request that this court withhold its judgment until trial pursuant to Fed. R. Civ. P. 12(i).

When WVCDL filed its First Notice of Supplemental Legal Authority on August 4, 2011, the Defendants' pre-answer motion to dismiss, [Doc. 12], remained before this Court without action on the Defendants' naked assertion that the original Complaint failed to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6).  That same day, WVCDL's attorney began attempts to seek the Defendants' consent to the filing of an amended complaint to cure the facial deficiencies identified by this Court in its order denying the Defendants' pre-answer motion to dismiss for lack of subject-matter jurisdiction (standing), [Doc. 17]. [Doc. 23] at 3.  Subsequently, after persistent nonresponsiveness by the Defendants' counsel, WVCDL filed a motion for leave to file an amended complaint, [Doc. 23], on August 15, 2011, which this Court granted the following day, [Doc. 24], immediately after which WVCDL filed its First Amended Complaint, [Doc. 25].  For the reasons argued in Part II, *supra*, the filing of WVCDL's First Amended Complaint rendered moot the Defendants' pre-answer motion to dismiss for failure to state a claim upon which relief may be granted and WVCDL's suggestion of deferring action on Count 3 of the original complaint.

Without a live motion to dismiss pending at the time the Order of Abstention was entered, this Court and this Court alone elected a course of action that will unnecessarily delay WVCDL's pursuit of justice in this case and frustrate its efforts to defend its members' individual right to keep and bear arms.

## IV. Conclusion.

For the reasons stated above, WVCDL requests that this Court vacate its Order of Abstention and lift the stay of proceedings in this case contained therein and enter an order denying as moot the Defendants' pre-answer motion to dismiss the original Complaint for failure to state a claim upon which relief can be granted.

Dated this 27th day of September, 2011,

    s/ James M. Mullins, Jr.
James M. Mullins, Jr.     (WV State Bar # 11129)
    Attorney for Plaintiff
The Law Offices of James M. Mullins, Jr., PLLC
101 North Kanawha Street, Suite 401
Beckley, WV 25801
Telephone: 304-929-3500 (o)/304-687-5492 (c)
FAX: 304-929-3503
E-mail: jim@mullinslawoffices.com

## Certificate of Service

I hereby certify that on September 27, 2011, I electronically filed the foregoing document with the Clerk of the Court, which will send electronic notification of such filing to the following CM/ECF participant:

    Floyd M. Sayre, III
    Bowles, Rice, McDavid, Graff & Love, LLP
    PO Box 1419
    Martinsburg, WV 25402
    Attorney for All Defendants

        s/ James M. Mullins, Jr.
    James M. Mullins, Jr.    (WV State Bar # 11129)
        Attorney for Plaintiff
    The Law Offices of James M. Mullins, Jr., PLLC
    101 North Kanawha Street, Suite 401
    Beckley, WV 25801
    Telephone: 304-929-3500 (o)/304-687-5492 (c)
    FAX: 304-929-3503
    E-mail: jim@mullinslawoffices.com