IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

West Virginia Citizens Defense League, Inc.,

          Plaintiff,

               v.

City of Martinsburg, *et al.*, Defendants

Civil Action No. 3:11-cv-5-JPB

(Bailey, C.J.)

## Plaintiff's Motion to Certify Questions of Law

The Plaintiff, West Virginia Citizens Defense League, Inc., by and through its undersigned counsel, hereby moves that this Honorable Court certify to the Supreme Court of Appeals of West Virginia pursuant to West Virginia's Uniform Certification of Questions of Law Act, W.Va. Code §§ 51-1A-1 *et seq*., and W.Va. Rev. R. App. P. 17(b) (2010), the following questions of law:

## Proposed Certified Questions

1. Does W.Va. Code §§ 8-12-5a (1999) preempt and void as a matter of West Virginia state law a municipal ordinance enacted on or after June 1, 1999, mirroring the provisions of W.Va. Code § 61-7-14 (1989), prohibiting the possession or carrying of a firearm in a building owned, leased or controlled by the municipality?

2. If the answer to Question 1 is No, is there any other basis upon which Martinsburg City Code § 545.14 may be held void under the statutory and/or common law of the State of West Virginia?

3. If the answers to Questions 1 and 2 are No, under Article III, § 22 of the West Virginia Constitution, may a municipality prohibit by ordinance the possession or carrying of a firearm in a building owned, leased, or controlled by the municipality, (A) without regard to the nature and uses of the building, (B) where there are no metal detectors or other mandatory security screenings in place to detect and interdict the unauthorized possession or carrying of firearms, (C) where the municipality has taken no affirmative measures to guarantee the personal safety and security of individuals inside the building who have been deprived of the means of self-defense by the municipal ordinance, and (D) where the municipality does not permit or provide for the checking of firearms, depriving individuals of the means of self-defense not only within the subject buildings but also outside those buildings during their travels to or from those buildings?

4. If the answers to Questions 1 through 3 are No, is an individual's right to keep and bear arms among those "other similarly sensitive constitutional rights" that "are tested for certainty and definiteness" solely "by interpreting their meaning from the face of the statute" under Syllabus Point 2, *State v. Flinn*, 158 W.Va. 111, 208 S.E.2d 538 (1974), in a challenge to a municipal ordinance as void for vagueness under the Due Process Clause of Article III, § 10 of the West Virginia Constitution?

5. If the answers to Questions 1 through 3 are No, is Martinsburg City Code § 545.14 void for vagueness on its face under the Due Process Clause of Article III, § 10 of the West Virginia Constitution?

6. If the answers to Questions 1 through 5 are No (or the question is inapplicable), under the Due Process Clause of Article III, § 10 of the West Virginia Constitution, is Martinsburg

City Code § 545.14, in conjunction with the signage posted at the entrances to all buildings owned, leased or controlled by the City of Martinsburg, void for vagueness?

7. If the answers to Questions 1 through 6 are No (or the question is inapplicable), do the signs posted at the entrances to buildings owned, leased or controlled by the City of Martinsburg constitute the request to temporarily relinquish possession of a firearm or leave the premises prerequisite to the applicability of the prohibition on possessing or carrying a firearm and criminal penalties stated in Martinsburg City Code § 545.14?

8. If the answers to Questions 1 through 7 are No (or the question is inapplicable), what constitutes a request to temporarily relinquish possession of a firearm or leave the premises sufficient to create criminal liability for possessing or carrying a firearm in violation of Martinsburg City Code § 545.14?

9. If the answers to Questions 1 through 6 are No (or the question is inapplicable), what are the elements of a criminal offense under Martinsburg City Code § 545.14 that must be proven beyond a reasonable doubt as part of the prosecution's prima facie case to convict an individual of violating Martinsburg City Code § 545.14?

## **Proposed Statement of Facts**

The Plaintiff proposes the following statement of facts for this Court's certification order. Many of the pertinent facts in this case have been conclusively established by the pleadings. The facts stated in Paragraphs 1 through 9 have been conclusively established by the Plaintiff's First Amended Complaint, [Doc. 25], (hereinafter "FAC"), and the Defendants' Answer to the Plaintiff's First Amended Complaint, [Doc. 26], (hereinafter "Ans."). The facts in Paragraphs 10 through 13 are based upon a combination of the pleadings, e-mail communications between

opposing counsel subsequent to the filing of the Defendants' Answer to the Plaintiff's First Amended Complaint, and the declaration of Plaintiff's counsel in support of this motion attached herewith.

1. Defendant City of Martinsburg is a municipal corporation organized under the constitution and laws of the State of West Virginia. FAC ¶ 4; Ans. ¶ 4.

2. The City of Martinsburg, through its city manager and police department, is responsible for executing and administering the laws, customs, practices, and policies at issue in this action. FAC ¶ 5; Ans. ¶ 5.

3. Martinsburg City Code § 545.14 provides:

> (a) No person shall carry or possess a firearm or other deadly weapon, whether carried openly or concealed, in any building owned, leased or under the care, custody and control of the City of Martinsburg or any political subdivision of the City of Martinsburg.
>
> (b) No provision of this section shall apply to those persons set forth in Section 545.03 (c) to (f) while such persons are acting in an official capacity, provided, however, that under no circumstances may any person possess or carry or cause the possession or carrying of any firearm or other deadly weapon on the premises of any primary or secondary educational facility in this State unless such person is a law enforcement officer or he or she has the express written permission of the County School Superintendent.
>
> (c) Any person carrying or possessing a firearm or other deadly weapon in any building owned, leased or under the care, custody and control of the City of Martinsburg or any political subdivision of the City of Martinsburg who refuses to temporarily relinquish possession of such firearm or other deadly weapon, upon being requested to do so, or to leave such premises, while in possession of such firearm or other deadly weapon, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) for each offense and, in the discretion of the Police Court Judge, may be placed in jail for a term not to exceed thirty (30) days, or both.

FAC ¶ 12; Ans. ¶ 12.

4.  The categories of persons specified in Martinsburg City Code § 545.03(c) to (f) are:

> (c) Any law-enforcement officer or law-enforcement official as such are defined in West Virginia Code 30-29-1;

> (d) Any employee of the West Virginia Department of Corrections duly appointed pursuant to the provisions of West Virginia Code 28-5-5 while such employee is on duty;

> (e) Any member of the armed forces of the United States or the militia of the State while such member is on duty;

> (f) Any circuit judge, including any retired circuit judge designated senior status by the supreme court of appeals of West Virginia, prosecuting attorney, assistant prosecuting attorney or a duly appointed investigator employed by a prosecuting attorney[.]

FAC ¶ 13; Ans. ¶ 13.

5.  The main public entrances to most buildings owned by the City of Martinsburg are posted with conspicuous signs stating:

> No Firearms allowed per Martinsburg City Code 545.14. Any person carrying or possessing a firearm or other deadly weapon on any public property or in any building owned, leased or under the care, custody and control of the City of Martinsburg or any political subdivision of the City of Martinsburg who refuses to temporarily relinquish possession of such firearm or other deadly weapon, upon being requested to do so, or to leave such premises, while in possession of such firearm or other deadly weapon, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) for each offense and, in the discretion of the Police Court Judge, may be placed in jail for a term not to exceed thirty (30) days, or both.

*See* FAC ¶ 19; Ans. ¶ 19.

6.  The Defendants maintain laws, customs, practices, and policies that do not provide any means for individuals to temporarily check and store weapons in a secure storage facility prior to entering any buildings where Martinsburg City Code § 545.14 prohibits carrying weapons. FAC ¶ 35; Ans. ¶ 35.

7.  W.Va. Code § 8-12-5a (1999) provides:

> The provisions of section five of this article notwithstanding, neither a municipality nor the governing body of any municipality may limit the right of any person to purchase, possess, transfer, own, carry, transport, sell or store any revolver, pistol, rifle or shotgun or any ammunition or ammunition components to be used therewith nor to so regulate the keeping of gunpowder so as to directly or indirectly prohibit the ownership of the ammunition. Nothing herein shall in any way impair the authority of any municipality, or the governing body thereof, to enact any ordinance or resolution respecting the power to arrest, convict and punish any individual under the provisions of subdivision (16), section five of this article or from enforcing any such ordinance or resolution: *Provided*, That any municipal ordinance in place as of the effective date of this section shall be excepted from the provisions of this section: *Provided, however*, That no provision in this section may be construed to limit the authority of a municipality to restrict the commercial use of real estate in designated areas through planning or zoning ordinances.

FAC ¶ 42; Ans. ¶ 42.

8. The reference to "the effective date of this section" in the first proviso of W.Va. Code § 8-12-5a was enacted as part of the most recent amendments to that section, which were enacted by the West Virginia Legislature as part of 1999 W.Va. Acts Ch. 290, which took effect on June 1, 1999, and thus "the effective date of this section" should be read as "June 1, 1999." FAC ¶ 43; Ans. ¶ 43.

9. Martinsburg City Code § 545.14 was first enacted in 2005 and amended into its current form in 2008. FAC ¶ 44; Ans. ¶ 44.

10. Martinsburg City Code § 545.14 prohibits the possession or carrying of firearms in not only city office buildings, but also many other buildings such as rest facilities in city parks, city-owned housing, and other public buildings that are not used primarily for performing the official business of the City of Martinsburg.  However, the Defendants deny Plaintiff's characterization of any such buildings as "non-sensitive."  *See* FAC ¶ 33; Ans. ¶ 33; E-mail from Floyd M. Sayre, III, to James M. Mullins, Jr., Sep. 7, 2011, 4:13 PM (hereinafter "Sayre e-mail"), [Doc. 36-1].

11. The Defendants do not maintain in any building covered by Martinsburg City Code § 545.14, other than Martinsburg City Hall, any security measures under which individuals entering the building are required to pass through metal detectors or submit to other security screenings designed to detect and interdict the possession or carrying of firearms in violation of Martinsburg City Code § 545.14.  The Defendants have alleged that metal detectors are in place at Martinsburg City Hall but no other buildings covered by Martinsburg City Code § 545.14.  However, the precise nature of the security measures in place at Martinsburg City Hall and the adequacy of those measures for the purpose of protecting against the unauthorized possession or carrying of firearms have not been fully established.  *See* FAC ¶ 34; Ans. ¶ 34; Sayre e-mail.

12. The Defendants' denial of the allegations in Paragraph 45 of the First Amended Complaint is based solely on their contention that the City of Martinsburg has maintained a variety of other ordinances predating June 1, 1999, relating to firearms and other weapons, none of which deal directly with the possession or carrying of firearms or other weapons in public buildings owned, leased, or controlled by the City of Martinsburg.  *See* FAC ¶ 45; Ans. ¶ 45; Sayre e-mail.

## **Request for Hearing**

Based upon the significance of the issues present, Plaintiff requests a hearing on this motion.

Dated this 28th day of September, 2011,


           s/ James M. Mullins, Jr.
James M. Mullins, Jr.      (WV State Bar # 11129)
          Attorney for Plaintiff
The Law Offices of James M. Mullins, Jr., PLLC
101 North Kanawha Street, Suite 401
Beckley, WV 25801
Telephone: 304-929-3500 (o)/304-687-5492 (c)
FAX: 304-929-3503
E-mail: jim@mullinslawoffices.com


## Certificate of Service

       I hereby certify that on September 28, 2011, I electronically filed the foregoing document with the Clerk of the Court, which will send electronic notification of such filing to the following CM/ECF participant:

      Floyd M. Sayre, III
      Bowles, Rice, McDavid, Graff & Love, LLP
      PO Box 1419
      Martinsburg, WV 25402
      Attorney for All Defendants


           s/ James M. Mullins, Jr.
James M. Mullins, Jr.      (WV State Bar # 11129)
          Attorney for Plaintiff
The Law Offices of James M. Mullins, Jr., PLLC
101 North Kanawha Street, Suite 401
Beckley, WV 25801
Telephone: 304-929-3500 (o)/304-687-5492 (c)
FAX: 304-929-3503
E-mail: jim@mullinslawoffices.com