IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**WEST VIRGINIA CITIZENS DEFENSE
LEAGUE, INC.,** a West Virginia nonprofit
corporation,

        Plaintiff,

v.

                                                 Civil Action No.: 3:11-cv-00005-JPB
                                                 (Judge Bailey)

**CITY OF MARTINSBURG,**
a West Virginia Municipal Corporation;

**GEORGE KAROS,**
personally and in his official capacity as
the Mayor of the City of Martinsburg; and

**KEVIN MILLER,**
personally and in his official capacity as
the Chief of Police of the City of Martinsburg,

        Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO RECONSIDER [33] AMENDED ORDER OF ABSTENTION [30]**

        The Defendants, City of Martinsburg *et. al.*, by counsel respectfully submit this memorandum of law in opposition to the Plaintiff's motion to reconsider (ECF No. 33) this Court's amended order of abstention (ECF No. 30). As noted by the Court, "[w]hile certification provides an attractive alternative to abstention in the appropriate case, certification has not totally supplanted the doctrine of *Pullman* abstention." (Amended Order of Abstention 6-7, ECF No. 30) The Plaintiff's arguments to the contrary are overblown, and in this particular instance abstention best serves the interests of the parties, allowing the Plaintiff to develop a record and seek an authoritative interpretation of its state law claims. This Court's decision to abstain is appropriate under the law, fair to both parties, and should not be disturbed.

## I.     INTRODUCTION

The purpose of this memorandum is to express support for the Court's decision to abstain from this case, allowing the courts of West Virginia to develop facts and issue rulings on claims that are primarily grounded in state, rather than federal, law.  First, the Court correctly determined, pursuant to *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941), that abstention is appropriate because a state court decision construing W.Va. Const. Art. III, § 22 or W.Va. Code § 8-12-5a may dispose of this controversy without addressing the Plaintiff's enmeshed federal claims.  (*See* Amended Order of Abstention, ECF No. 30)  Second, none of the case law cited by the Plaintiff requires courts to certify questions rather than abstain in this case, and at least one post-*Arizonans* case from the Fourth Circuit recognizes the district court's continued discretion to choose between abstention and certification.  Third, the Court's decision to abstain rather than certify questions of law to the West Virginia Supreme Court strikes the most appropriate balance between judicial economy and fairness, allowing the Plaintiff to conduct discovery as requested and prosecute its state law claims while the parties await the outcome of *United States v. Masciandaro*, 638 F.3d 458 (4th Cir. 2011), *petition for cert. filed*, No. 10-11212 (June 22, 2011), which may resolve the Plaintiff's enmeshed federal constitutional claims.  Considering that this case is still in the infant stages of its development, deferring action to the West Virginia courts for adjudication of the underlying state law issues is proper and well within this Court's discretion.

## II.     THE COURT PROPERLY DETERMINED THAT THE REQUIREMENTS FOR EXERCISING *PULLMAN* ABSTENTION HAVE BEEN MET

First, the Court correctly determined that *Pullman* abstention is appropriate because this case involves issues of unsettled West Virginia constitutional and statutory law that could potentially moot the Plaintiff's enmeshed federal claims.  The Fourth Circuit has distilled

the *Pullman* doctrine down to a two-part test, finding abstention appropriate where "there is (1) an unclear issue of state law presented for decision (2) the resolution of which may moot or present in a different posture the federal constitutional issue such that the state law issue is 'potentially dispositive.'" *Educ. Servs., Inc. v. Maryland State Bd. For Higher Educ.*, 720 F.2d 170, 174 (4th Cir. 1983) (internal citations omitted).   The Plaintiff has challenged the City of Martinsburg's ordinance restricting possession of firearms on city-owned property, arguing that the ordinance is unconstitutional under both the West Virginia and United States Constitutions and that the ordinance is preempted by W.Va. Code § 8-12-5a.   The scope of the Second Amendment is a relatively new and extremely controversial issue of federal constitutional law. *See District of Columbia v. Heller*, 554 U.S. 570 (2008) (federal right to keep and bear arms inside the home recognized); *McDonald v. City of Chicago*, 130 S.Ct. 3020 (2010) (right to keep and bear arms inside the home incorporated by the Fourteenth Amendment and applicable to the states).   As noted by the Court, Article III, Section 22 of the West Virginia Constitution is not a "mirror image" of the Second Amendment of the United States Constitution *(See* Amended Order of Abstention, pp. 3-5, ECF No. 30), and to date the West Virginia courts have not interpreted its scope in the wake of *Heller* and *McDonald.*   Additionally, W. Va. Code § 8-12-5a is not an absolute limitation of the city's powers and the West Virginia courts have yet to interpret its meaning and scope.   *See* W.Va. Code § 8-12-5a (2011).   Either of these provisions could potentially moot the Plaintiff's federal constitutional claims, making *Pullman* abstention particularly appropriate due to the reluctance of courts to expand the scope of the Second Amendment without clear guidance from the United States Supreme Court.   *See United States v. Masciandaro*, 638 F.3d 458, 475-76 (4th Cir. 2010) ("There simply is no need in this litigation to break ground that our superiors have not tread . . . This is serious business.   We do not wish to be

even minutely responsible for some unspeakably tragic act of mayhem because in the peace of

our judicial chambers we miscalculated as to Second Amendment rights . . . If ever there was an

occasion for restraint, this would seem to be it."); *see also Williams v. State of Maryland*, 10

A.3d 1167, 1177 (Md. 2011) ("*Heller* and *McDonald* emphasize that the Second Amendment is

applicable to statutory prohibitions against home possession . . . . If the Supreme Court . . . meant

its holding to extend beyond home possession, it will need to say so more plainly.").  The gravity

of the rights debated in this case require caution, which is best served by allowing the state courts

of West Virginia to fully develop and interpret its own constitutional and statutory provisions

without interference by the federal courts.

### III.    THE PLAINTIFF OVERSTATES THE SIGNIFICANCE OF THE PRECEDENT IT CITES BECAUSE THE HOLDINGS OF THOSE CASES HAVE EITHER BEEN INCORRECTLY INTERPRETED OR MISAPPLIED TO THIS CASE

In opposition to this Court's order of abstention, the Plaintiff cites a litany of

cases supposedly holding that "federal courts should use state certification procedures where

available in lieu of *Pullman* abstention barring particularly unusual circumstances."  (Plaintiff's

Memorandum of Law in Support of Plaintiff's Motion to Reconsider Order of Abstention, p. 1,

ECF No. 34)  The Plaintiff, however, overstates the holdings of the case law it relies on.  A

number of the cases cited by the Plaintiff express no preference between abstention or

certification, and the cases that the Plaintiff leans most heavily on deal with the First

Amendment, an area of law in which the United States Supreme Court has cautioned courts to be

particularly reluctant to abstain.  Ultimately, no precedent binding on this Court constrains its

discretion to choose abstention over certification in this case and, in fact, recent *dicta* from the

Fourth Circuit suggests the opposite.

The genesis of the Plaintiff's argument is *Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997), in which the United States Supreme Court chastised the lower federal courts for continuing to adjudicate the Plaintiff's claims, finding that "[t]he complexity [of the case] might have been avoided had the District Court, more than eight years ago, accepted the certification suggestion made by Arizona's Attorney General." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 79 (1997). In so finding, the Court discussed how certification procedures overlap with *Pullman* abstention:

> Certification today covers territory once dominated by a deferral device called "*Pullman* abstention," after the generative case, *Railroad Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Designed to avoid federal-court error in deciding state-law questions antecedent to federal constitutional issues, the *Pullman* mechanism remitted parties to the state courts for adjudication of the unsettled state-law issues. If settlement of the state-law question did not prove dispositive of the case, the parties could return to the federal court for decision of the federal issues. Attractive in theory because it placed state-law questions in courts equipped to rule authoritatively on them, *Pullman* abstention proved protracted and expensive in practice, for it entailed a full round of litigation in the state court system before any resumption of proceedings in federal court.
>
> Certification procedure, in contrast, allows a federal court faced with a novel state-law question to put the question directly to the State's highest court, reducing the delay, cutting the cost, and increasing the assurance of gaining an authoritative response. Most States have adopted certification procedures.

*Arizonans*, 520 U.S. at 75-76 (internal citations omitted). As correctly noted by the Plaintiff, the above passage suggests that certification is preferable to abstention in some circumstances. (*See* Plaintiff's Response and Objections to Proposed *Pullman* Abstention, at p.5, ECF No. 19) *Arizonans* does not, however, require the lower federal courts to forego abstention, but simply expands the circumstances in which those courts may instead elect to certify questions to the

5

appropriate state court.  *Compare Yniguez v. Arizonans for Official English*, 69 F.3d 920, 930-31

(9th Cir. 1995) (declining to certify question to the Arizona Supreme Court because no "unique

circumstances" existed militating in favor of certification) *to Arizonans for Official English v.*

*Arizona*, 520 U.S. 43, 79 (1997) (stating that novel, unsettled questions of state law, not "unique

circumstances," are necessary before federal courts may avail themselves of state certification

procedures).

In attempting to overemphasize the significance of the Court's discussion in

*Arizonans*, the Plaintiff overstates the holdings of numerous cases in an effort to show that "no

less than 8 Circuits endorse[], as a general rule, certification over exercising abstention . . . in

most *Pullman*-type cases."  (*See* Plaintiff's Memorandum of Law in Support of Plaintiff's

Motion to Reconsider Order of Abstention, p. 2, ECF No. 34)    First, nearly half of the cases

cited by the Plaintiff do not even mention or discuss *Pullman* abstention.  *See American*

*Booksellers Found. for Free Expression v. Strickland*, 560 F.3d 443 (6th Cir. 2009); *PSINet, Inc.*

*v. Chapman*, 317 F.3d 413 (4th Cir. 2003); *Romero v. Colegio de Abogado de Puerto Rico*, 204

F.3d 291 (1st Cir. 2000)[1]; *Brownsburg Area Patrons Affecting Change*, 137 F.3d 503 (7th Cir.

1998).  It simply does not logically follow that the Fourth, First, Sixth, or Seventh circuits

considered and then rejected abstention in the cited cases when those circuits expressed no

preference at all.

---

[1] The *Romero* court, interestingly, chose to "remand the case to the district court to enter the preliminary injunction and then to abstain, while retaining jurisdiction, [pending certification of questions to the Supreme Court of Puerto Rico]."  *Romero v. Colegio de Abogados de Puerto Rico*, 204 F.3d 291, 306 (1st Cir. 2000).  The First Circuit's opinion appears to treat abstention and certification, procedurally, as a distinction without a difference in cases where purely an issue of law is presented -- the court simply abstains, then certifies a question to the state tribunal.  Regardless, the present matter differs from *Romero* because the Plaintiff believes that discovery is needed.

Second, the Plaintiff outright misstates the holding of *Doyle v. City of Medford*, 565 F.3d 536 (9th Cir. 2009), confusing Oregon law with Ninth Circuit law.  In *Doyle*, the Ninth Circuit certified questions to the Oregon Supreme Court in deference to that court's holding in *Western Helicopter Servs., Inc. v. Rogerson Aircraft Corp.*, 811 P.2d 627 (Ore. 1991), which states that "[e]xcept in unusual circumstances (examples of which do not readily come to mind), [the Oregon Supreme Court] will accept certification in *Pullman*-type abstention cases."  *Doyle v. City of Medford*, 565 F.3d 536, 544 (9th Cir. 2009).[2]  The quoted language offered by the Plaintiff is properly attributed to the Oregon Supreme Court; in fact, but for the Oregon court's clear preference, the Ninth Circuit may have abstained rather than certify a question:

> Therefore, we could simply abstain from deciding this case under the *Pullman* doctrine and, accordingly, wait for the parallel state court action to work its way through the state court system. However, as the Oregon Supreme Court recognized in *Western Helicopter*, certification is appropriate in *Pullman*-type abstention cases . . . .

*Doyle*, 565 F.3d at 543 (quoting *Western Helicopter Servs., Inc. v. Rogerson Aircraft Corp.*, 811 P.2d 627, 632 (Ore. 1991)).

Third, the remaining cases cited by the Plaintiff are simply inapplicable because those cases dealt with facial challenges to statutes on First Amendment grounds, which are particularly inappropriate cases for abstention.  The United States Supreme Court has specifically stated that courts should avoid abstention in free expression cases:

> Abstention is, of course, the exception and not the rule, and we have been particularly reluctant to abstain in cases involving facial

---

[2] The *Doyle* case is also procedurally and factually distinguishable from the present case because parallel litigation was occurring in the state courts of Oregon at the time and the presence of additional state law claims in that parallel litigation threatened to unduly delay resolution of the case if the federal court abstained.  *See Doyle v. City of Medford*, 565 F.3d 536, 543-44  (9th Cir. 2009).

> challenges based on the First Amendment.  We have held that
> "abstention . . . is inappropriate for cases [where] . . . statutes are
> justifiably attacked on their face as abridging free expression."  "In
> such case[s] to force the plaintiff who has commenced a federal
> action to suffer the delay of state-court proceedings might itself
> effect the impermissible chilling of the very constitutional right he
> seeks to protect."

*City of Houston, Texas v. Hill*, 482 U.S. 451, 467-68 (1987) (internal citations omitted).  Nearly

all of the cases cited by the Plaintiff are First Amendment cases, including the only case law

cited from the Fourth Circuit.[3]  *See Kansas Judicial Review v. Stout*, 519 F.3d 1107 (10th Cir.

2008) (First Amendment political expression challenge to Kansas Code of Judicial Conduct

Canons preventing campaign contributions); *Pittman v. Cole*, 261 F.3d 143 (2d Cir. 2001) (First

Amendment overbreadth challenge to enforcement provisions of Alabama Judicial Inquiry

Commission and Alabama State Bar advisory opinions preventing judicial candidates from

responding to voter questionnaire); *Allstate Ins. Co. v. Serio*, 261 F.3d 143 (2d Cir. 2001) (First

Amendment commercial speech challenge to insurance law preventing unsolicited referrals to

preferred repair shops); *Tunick v. Safir*, 209 F.3d 67 (2d Cir. 2000) (First Amendment freedom

of expression challenge to law prohibiting public nudity as applied to artist-photographer); *see*

*also American Booksellers Found. for Free Expression v. Strickland*, 560 F.3d 443 (6th Cir.

2009) (First Amendment challenge to Ohio statute prohibiting dissemination over the internet of

material harmful to juveniles); *PSINet, Inc. v. Chapman*, 317 F.3d 413 (4th Cir. 2003) (First

Amendment challenge to Virginia law criminalizing sale, rental, or loan to juveniles of sexually

harmful material); *Brownsburg Area Patrons Affecting Change v. Baldwin*, 137 F.3d 503 (7th

Cir. 1998) (First Amendment challenge to law regulating political action committees).  Unlike

the cases cited above, the present matter is a Second Amendment case, which the courts have not

---

[3] The only case that is not a First Amendment case is *Romero*, which, as noted *supra* in Footnote 1, appears to treat abstention and certification as the same procedural device.

specifically singled out for avoiding abstention. In fact, as of this date, no court has even recognized the right to bear arms outside of the home, so the same chilling effect concerns preventing abstention in the above cases simply do not apply to the Plaintiff's claims.[4]

Finally, *Nivens v. Gilchrist*, 444 F.3d 237 (4th Cir. 2006), a post-*Arizonans* case from this circuit, suggests that district courts still have discretion to exercise *Pullman* abstention over certification:

> For example, *Pullman* abstention is appropriate when a plaintiff brings a federal case that requires the federal court to interpret an unclear state law. Exercising *Pullman* abstention, the federal court then stays the proceeding (or certifies the question) and directs the plaintiff to first press his claim in state court.

*Nivens v. Gilchrist*, 444 F.3d 237, 246 (4th Cir. 2006). Although this language is *dicta* from a case that did apply *Pullman* abstention or certify a question to the state court, it still shows that the Fourth Circuit has not expressed a preference for one procedure over the other. Ultimately, the Plaintiff's extensive but misguided application of the law has failed to contradict the above passage: if a plaintiff brings a federal case that requires the federal court to interpret an unclear state law, that court may exercise its own discretion and either stay the proceedings or certify a question to the state tribunal.

**IV.     THE POLICY CONCERNS NORMALLY WEIGHING IN FAVOR OF CERTIFICATION ACTUALLY FAVOR ABSTENTION IN THIS CASE BECAUSE THE PLAINTIFF WISHES TO DEVELOP A FACTUAL RECORD AND CASE LAW PENDING BEFORE THE UNITED STATES SUPREME COURT MAY RESOLVE THE PLAINTIFF'S FEDERAL CONSTITUTIONAL CLAIMS**

---

[4] The United States Supreme Court just recently declined *certiorari* in a case upholding a Maryland statute prohibiting wearing, carrying, or transporting a handgun without a permit and outside of one's home, finding the statute to be outside the scope of the Second Amendment and further finding that language from *McDonald v. City of Chicago*, 130 S.Ct. 3020 (2010) suggesting the opposite was merely dicta. *See Williams v. State of Maryland*, 10 A.3d 1167 (Md. 2011), *cert. denied Williams v. Maryland*, No. 10-1207 (U.S. Oct. 3, 2011).

Considering that the Court may still exercise abstention over certification in the proper circumstances, the Defendants agree with the Court that abstaining best prevents unnecessary expense and delay in this case.  If *Pullman* abstention is appropriate, the major concern of the court shifts to whether certification would avoid unnecessary expense and delay: "[w]here delay and expense are the chief drawbacks to abstention, the availability of certification becomes an important factor in deciding whether to abstain." *City of Houston, Texas v. Hill*, 482 U.S. 451, 470 (1987).    First and foremost, the Court is correct in recognizing that it may be improper to address the Plaintiff's enmeshed federal claims in light of *United States v. Masciandaro*, 638 F.3d 458 (4th Cir. 2011), which is currently on appeal before the United States Supreme Court. *See* Petition for Writ of Certiorari, *United States v. Masciandaro*, No. 10-11212 (June 22, 2011), *available at* http://cloudigylaw.com/wp-content/uploads/2011-Masciandaro-cert-petition-w-appx-1.pdf (last  visited Oct. 4, 2011).  In *Masciandaro*, the court split on, and therefore did not decide, the issue of whether the Second Amendment applied to areas outside of the home. *See Masciandaro*, 638 F.3d at 467-68 (4th Cir. 2011) (Niemeyer, J.) (writing separately to express the view that *Heller*, by implication, appears to extend the Second Amendment right, in some form, to areas outside of the home); *see also Masciandaro*, 638 F.3d at 474-76 (4th Cir. 2011) (Wilkinson, J.) (writing for the court to state that it is unnecessary to explore whether *Heller* extended Second Amendment rights to areas outside the home until the United States Supreme Court gives specific guidance in that area).  The question left open by the Fourth Circuit is the issue on appeal, *See* Petition for Writ of Certiorari, *United States v. Masciandaro*, at i, No. 10-11212 (June 22, 2011) (questions presented), and a ruling adverse to the Plaintiff's position would resolve the federal constitutional claims presented in this case. Abstaining, therefore, prevents unnecessary delay and expense by allowing the Plaintiff to move

forward on its state law claims while allowing this Court to await guidance from the higher courts on the Plaintiff's federal law claims.  Second, the Plaintiff has demanded discovery (*See* Plaintiff's Motion to Permit Discovery, ECF No. 40),[5] so abstaining would allow the Plaintiff to develop a record that may be beneficial if the issues in this case are brought before an appellate court or if this case returns to federal court.

## V.      CONCLUSION

This case deals with unsettled and controversial issues of constitutional law relating to the scope of a citizen's right to keep and bear arms outside the home.  This Court has already determined that abstention is appropriate and has no obligation to revisit that determination.  Due to the importance and sensitivity of the issues presented in this case, abstention is the most appropriate course of conduct for this Court to take.  The Defendants request that this Court uphold its decision to abstain so that the parties may seek resolution of these important issues before the state courts of West Virginia.

---

[5] The Plaintiff has filed numerous motions since this Court's order staying the case, including the motion for discovery discussed above.  The Plaintiff's additional motions are inappropriate at this time, and the Defendants request this Court to dismiss those motions without prejudice, with leave to refile at such time as the Court lifts its stay of these proceedings.

**CITY OF MARTINSBURG**, a West Virginia municipal corporation; **GEORGE KAROS**, personally and in his official capacity as the Mayor of the City of Martinsburg; **MARK S. BALDWIN**, personally and in his official capacity as the City Manager of the City of Martinsburg; and **KEVIN MILLER**, personally and in his official capacity as the Chief of Police of the City of Martinsburg

By Counsel

s/ *Floyd M. Sayre, III*

Floyd M. Sayre, III (WVSB 4342)
BOWLES RICE MCDAVID GRAFF & LOVE LLP
Attorneys for Defendants
101 South Queen Street
Martinsburg, West Virginia   25401
Telephone: (304) 264-4226
Facsimile: (304) 267-3822
Email:  ksayre@bowlesrice.com

12

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

**WEST VIRGINIA CITIZENS DEFENSE
   LEAGUE, INC**., a West Virginia nonprofit
corporation,

        Plaintiff,

                                         Civil No.: 3:11-cv-00005-JPB

**CITY OF MARTINSBURG**, a West Virginia
   municipal corporation;
**GEORGE KAROS**, personally and in his official
   capacity as the Mayor of the City of
   Martinsburg;
**MARK S. BALDWIN**, personally and in his
   official capacity as the City Manager of the
   City of Martinsburg; and
**KEVIN MILLER**, personally and in his
   official capacity as the Chief of Police of
   the City of Martinsburg,

        Defendants

# Certificate of Service

        I, Floyd M. Sayre, III, do hereby certify that on this 10th day of October, 2011, I electronically filed the ***DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER [33] Amended ORDER OF ABSTENTION [30]*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participant:

James M. Mullins, Jr, Esquire
Mullins Law Office, L.C.
101 North Kanawha Street
Suite 401
Beckley, West Virginia   25801

s/ *Floyd M. Sayre, III*

Floyd M. Sayre, III (WVSB 4342)
BOWLES RICE MCDAVID GRAFF &
LOVE LLP
Attorneys for Defendants
101 South Queen Street
Martinsburg, West Virginia   25401
Telephone: (304) 264-4226
Facsimile: (304) 267-3822
Email:  ksayre@bowlesrice.com