IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

West Virginia Citizens Defense League, Inc.,

    Plaintiff,

        v.

City of Martinsburg, *et al.*, Defendants

Civil Action No. 3:11-cv-5-JPB

(Bailey, C.J.)

## **Plaintiff's Memorandum of Law in Reply to the Defendants' Response to the Plaintiff's Motion to Reconsider Order of Abstention**

The Plaintiff, West Virginia Citizens Defense League, Inc. (hereinafter "WVCDL"), by and through its undersigned counsel, respectfully submits the following in reply to the Defendants' Response to Plaintiff's Motion to Reconsider [33] Amended Order of Abstention [30], [Doc. 43].

## **I. The Defendants Do Not Controvert WVCDL's Eligibility for Relief Under Fed. R. Civ. P. 60(b).**

The Defendants have not controverted WVCDL's claim to entitlement to reconsideration under Fed. R. Civ. P. 60(b)(1) and/or (6) of this Court's Amended Order of Abstention. The Defendants' opposition to WVCDL's motion for reconsideration focuses only on the merits of the pending motion for reconsideration of the abstention order. Accordingly, WVCDL respectfully submits that its threshold eligibility for relief under Fed. R. Civ. P. 60(b)(1) and/or

1

(6) is uncontroverted and, should the Defendants subsequently raise any arguments to the contrary, this Court should deem those arguments waived by the Defendants' failure to raise or brief them in their response to WVCDL's motion for reconsideration.

## II. WVCDL Did Not Misrepresent Cited Precedents.

Contrary to the Defendants' wild assertions that WVCDL misinterpreted in some cases and "outright misstate[d]," [Doc. 43] at 6-7, the holdings of the Fourth Circuit and at least 4 of the 7 other Circuits that, like our Circuit, certified questions of law in *Pullman*-type cases subsequent to the Supreme Court's decision in *Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997), WVCDL did no such thing.  WVCDL properly represented each cited case and noted that some cases contained greater explanation and analysis of the decision to certify rather than abstain while others were less verbose.

In an attempt to discredit the holdings of the Second, Tenth, and Eleventh Circuits, the Defendants nakedly assert with no supporting legal authority the baseless proposition that *Arizonans* and its progeny are somehow limited only to cases involving First Amendment claims. Mere notations that most of the cited cases' underlying federal conditional claims were rooted in the First Amendment fail to establish any discernible rule of law applicable here.  WVCDL requests that this incredibly flimsy argument be disregarded and this Honorable Court reject the Defendants' invitation to do what their counsel apparently could not do, particularly since the Defendants chose to file this response 4 days earlier than required by L.R. Civ. P. 7.02(b)(1) and L.R. Gen. P. 5.06(g).

As their final grasp at straws to counter the abundant body of post-*Arizonans* case law cited by WVCDL in support of certification rather than abstention, the Defendants engage in the

2

very sort of misstatement of the law they accuse WVCDL of committing by misrepresenting *Nivens v. Gilchrist*, 444 F.3d 237, 246 (4th Cir. 2006), as "a case that did apply *Pullman* abstention or certify a question to the state court," [Doc. 43] at 9.  On the contrary, *Nivens* wasw "a case that did" **_not_** "apply *Pullman* abstention or certify a question to the state court." *Contra id.* The most cursory reading of the very first paragraph of *Nivens*—not to mention the remainder of the opinion—clearly shows that *Nivens* did not involve abstention under the Pullman doctrine; rather, *Nivens* involved abstention under the completely separate and unrelated abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), involving abstention in state criminal proceedings. *Nivens*, 444 F.3d at 239.  Discussion of Pullman abstention appears in *Nivens* only as a result of the *Nivens* plaintiffs' misguided attempt to apply certain procedural rules applicable in *Pullman*-type cases but not to *Younger*-type cases.  *Id.* at 245-46.  The court briefly discussed *Pullman* only to refute the *Nivens* plaintiffs' arguments. *Id.* Furthermore, since this case concerns the question of whether the *Pullman*-type problem allegedly present here should be resolved through abstention or certification, any mention of the certification alternative in *Nivens* would have been pointless because

> North Carolina is the only state in the Fourth Circuit that does not allow federal courts to certify questions of state law to the state's highest court. The certification procedure allows federal courts facing actual cases and controversies involving unresolved state law to obtain a definitive resolution, not an advisory opinion, from the state's highest court.

*Doe v. Doe*, 973 F.2d 237, 240 n. 2 (4th Cir. 1992). *See also MLC Automotive, LLC v. Town of Southern Pines*, 532 F.3d 269, 284 (4th Cir. 2008) ("North Carolina currently has no mechanism for us to certify questions of state law to its Supreme Court.") (*citing N.C. Right to Life, Inc. v. Bartlett*, 168 F.3d 705, 711 n. 1 (4th Cir. 1999) (noting "North Carolina has no procedure by which we may certify these questions [of the construction of state law] to its Supreme Court")). *Nivens* was a North Carolina case. 444 F.3d at 239.  Accordingly, there was absolutely no basis

upon which the *Nivens* court could have properly discussed—much less provided binding precedent—on the abstain-or-certify question.

Now, we are left with the Fourth Circuit's certification order in *PSINet, Inc. v. Chapman*, 317 F.3d 413, 415 (4th Cir. 2003) (certifying 2 questions to the Supreme Court of Virginia), whose lack of the same verbosity expressed by some other Circuits speaks, if anything, to the Fourth Circuit's belief that *Arizonans* was such a clear directive to certify whenever possible that the Fourth Circuit felt it had nothing to add.  Based upon the overwhelming body of post-*Arizonans* case law applying *Arizonans* in favor of certification in lieu of abstention in most *Pullman*-type cases, it is obvious that the extensive discussion of certification in *Arizonans* was not pure dictum that lower courts were free to disregard.

> When an opinion issues for the Court, it is not only the result but also those portions of the opinion necessary to that result by which we are bound . . . the principle of *stare decisis* directs us to adhere not only to the holdings of our prior cases, but also to their explications of the governing rules of law. . . .

*Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 67 (1996) (citations and internal quotation marks omitted). Thus, a statement that "explains the court's rationale . . . is part of the holding." *U.S. v. Bloom*, 149 F.3d 649, 653 (7th Cir. 1998). In contrast,

> [a] dictum is a statement in a judicial opinion that could have been deleted without seriously impairing the analytical foundations of the holding – that, being peripheral, may not have received the full and careful consideration of the court that uttered it.

*Sarnoff v. Am. Home Prods. Corp.*, 798 F.2d 1075, 1084 (7th Cir. 1986).

## III. The Defendants Ignore WVCDL's Void-for-Vagueness Claims.

The Defendants have raised for the first time an extremely vague and, at best, half-baked argument for this Court to decline to exercise jurisdiction over WVCDL's state law claims under

4

28 U.S.C. § 1367(c)(3) and *Grattan v. Board of School Com'rs of Baltimore City*, 805 F.2d 1160 (4th Cir. 1986), by suggesting that an adverse decision by the Supreme Court in the pending petition for certiorari regarding *U.S. v. Masciandaro*, 638 F.3d 458 (4th Cir. 2011), would eliminate WVCDL's federal law claims. This argument conveniently ignores WVCDL's void-for-vagueness claims. Moreover, in the 2 months since the First Amended Complaint, [Doc. 25], was filed, the Defendants have taken no action to seek the dismissal of or summary judgment in their favor regarding either WVCDL's Second Amendment claim or its void-for-0vagueness claim. Indeed, the Defendants' counsel has been so lackadaisical in his representation that WVCDL's counsel was forced more than once into the undesirable position of having to disclose *Masciandaro* pursuant to his obligation under W.Va. R. Prof. Conduct 3.3(a)(3) "to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel[.]" Nevertheless, this argument should be viewed as irrelevant since the question pending is whether to abstain under *Pullman* rather than whether to exercise a discretionary denial of jurisdiction under 28 U.S.C. § 1367(c).

### IV. The Factual Record Has Fully Matured.

During this Court's initial consideration of the question of Pullman abstention, the factual record in this case had not matured to the point at which WVCDL was ready to pursue dispositive motions in its favor. At that point in time, it was well beyond conceivable that there might have been some need for judicial factfinding. However, as WVCDL has argued in its motions and supporting memoranda for a preliminary injunction and/or partial summary judgment, [Docs. 37-38, 41-42], thanks to a combination of the Defendants' admissions in their

answer to WVCDL's First Amended Complaint, [Doc. 26], and admissions of the Defendants' counsel, [Docs. 36, 36-1], the prospect of a need for judicial factfinding has vanished. Unfortunately, due to a combination of the extremely narrow window of time between the filing of the Defendants' answer, [Doc. 26], and the entry of this Court's original abstention order, [Doc. 27], and the Defendants' intentional muddying of the waters in their answer, which was revealed by their counsel only after the abstention order was originally issued, WVCDL did not believe earlier filings of its motions for a preliminary injunction and/or summary judgment would have been productive. Given the Defendants' lackadaisical, ostrich-like defense strategy, WVCDL is not prepared to assume intentional misconduct and will limit its response to the Defendants' denials of the allegations in paragraphs 33, 34, and 45 of the First Amended Complaint to its motion to strike those denials, [Doc. 35], and not move for Rule 11 sanctions.

Rather than confront the fact that the facts of this case are now sufficiently settled for summary judgment, the Defendants have chosen to hide behind the stay contained in this Court's abstention order and not respond to the merits of WVCDL's motions for a preliminary injunction and/or summary judgment unless and until directed to do so by this Court. WVCDL suggests that, at a bare minimum, this Court vacate the abstention order, hear the pending motions for a preliminary injunction and/or summary judgment, and then if the Defendants prove the existence of a genuine issue of material fact sufficient to deny those motions, this Court then grant WVCDL's motion for discovery to permit WVCDL to test the legitimacy of the alleged factual issue, after which this Court could again raise and hear the issue of abstention with the benefit of more than mere speculation about the potential need for judicial factfinding. On the other hand, if the Defendants cannot prove the existence of a genuine issue of material fact, WVCDL this case would be ripe for summary judgment on WVCDL's state law claims and WVCDL's motion

for discovery would become moot. If the Defendants cannot produce arguments on the merits of WVCDL's state law claims contrary to those advanced by WVCDL, some or all of the questions proposed in WVCDL's motion for certification may likewise become unnecessary.

## V. Conclusion.

For the reasons stated above, WVCDL requests that this Court enter an order vacating its Order of Abstention and lift the stay of proceedings in this case contained therein, denying as moot the Defendants' pre-answer motion to dismiss the original Complaint for failure to state a claim upon which relief can be granted, and directing the Defendants to respond to WVCDL's other post-abstention motions.

Dated this 20th day of October, 2011,

    s/ James M. Mullins, Jr.
James M. Mullins, Jr.     (WV State Bar # 11129)
    Attorney for Plaintiff
The Law Offices of James M. Mullins, Jr., PLLC
101 North Kanawha Street, Suite 401
Beckley, WV 25801
Telephone: 304-929-3500 (o)/304-687-5492 (c)
FAX: 304-929-3503
E-mail: jim@mullinslawoffices.com

## Certificate of Service

I hereby certify that on October 20, 2011, I electronically filed the foregoing document with the Clerk of the Court, which will send electronic notification of such filing to the following CM/ECF participant:

>Floyd M. Sayre, III
>Bowles, Rice, McDavid, Graff & Love, LLP
>PO Box 1419
>Martinsburg, WV 25402
>Attorney for All Defendants

>_s/ James M. Mullins, Jr._
>James M. Mullins, Jr.      (WV State Bar # 11129)
>         Attorney for Plaintiff
>The Law Offices of James M. Mullins, Jr., PLLC
>101 North Kanawha Street, Suite 401
>Beckley, WV 25801
>Telephone: 304-929-3500 (o)/304-687-5492 (c)
>FAX: 304-929-3503
>E-mail: jim@mullinslawoffices.com