**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-2231

WEST VIRGINIA CITIZENS DEFENSE LEAGUE, INC., a West Virginia nonprofit corporation,

           Plaintiff - Appellant,

    v.

CITY OF MARTINSBURG, a West Virginia municipal corporation; GEORGE KAROS, personally and in his official capacity as the Mayor of the City of Martinsburg; MARK S. BALDWIN, personally and in his official capacity as the City Manager of the City of Martinsburg; KEVIN MILLER, personally and in his official capacity as the Chief of Police of the City of Martinsburg,

           Defendants - Appellees.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, Chief District Judge. (3:11-cv-00005-JPB)

Submitted: June 7, 2012           Decided: June 19, 2012

Before AGEE, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James M. Mullins, Jr., THE LAW OFFICES OF JAMES M. MULLINS, JR. PLLC, Beckley, West Virginia, for Appellant. Floyd M. Sayre, III, BOWLES RICE McDAVID GRAFF & LOVE, LLP, Martinsburg, West

Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In January 2011, the West Virginia Citizens Defense League, Inc. ("WVCDL") filed in the district court a preenforcement challenge to § 545.14 of the Code of the City of Martinsburg, West Virginia, which imposes certain restrictions on the ability to possess a firearm within public buildings. The district court stayed the case, invoking the abstention doctrine first recognized in Railroad Comm'n of Tex. v. Pullman Co., 312 U.S. 496 (1941). WVCDL appealed, and the parties' dispute now centers upon two issues: (1) whether WVCDL has standing to press its current claims, and (2) whether the district court abused its discretion in staying the case under the Pullman abstention doctrine. Because we conclude, on a review of the record, that WVCDL has standing and that the district court did not abuse its discretion in abstaining under Pullman, we affirm the judgment of the district court.

The Defendants to the suit (collectively, "Martinsburg") argue that WVCDL lacks standing to challenge § 545.14 on behalf of its members. We review questions of standing de novo, and the burden of establishing standing "lies squarely on the party claiming subject-matter jurisdiction." Frank Krasner Enters., Ltd. v. Montgomery County, 401 F.3d 230, 234 (4th Cir. 2005).

An organization bringing suit on behalf of its members must satisfy three requirements in order to secure organizational standing: (1) that its members would have standing to sue as individuals; (2) that the interests it seeks to protect are germane to the organization's purpose; and (3) that the suit does not require the participation of individual members. Equity In Athletics, Inc. v. Dep't of Educ., 639 F.3d 91, 99 (4th Cir. 2011), cert. denied, 132 S. Ct. 1004 (2012). With respect to the first of these requirements, individual members must show that they suffered "an actual or threatened injury that is concrete, particularized, and not conjectural," and that is fairly traceable to the challenged conduct and likely to be redressed by a favorable decision. Id.

"When a party brings a preenforcement challenge to a statute or regulation, it must allege 'an intention to engage in a course of conduct arguably affected with a constitutional interest,' and there must exist 'a credible threat of prosecution' under the statute or regulation." Va. Soc'y for Human Life, Inc. v. Fed. Election Comm'n, 263 F.3d 379, 386 (4th Cir. 2001) (quoting Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979)). Nevertheless, a plaintiff contesting the constitutionality of a criminal statute need not "first expose himself to actual arrest or prosecution to be entitled to

4

challenge the statute that he claims deters the exercise of his constitutional rights." Babbitt, 442 U.S. at 298; Mobil Oil Corp. v. Att'y Gen. of Va., 940 F.2d 73, 76 (4th Cir. 1991).

Our review of the record convinces us that WVCDL has sufficiently alleged that at least one of its members intends to engage in conduct for which the prospect of prosecution is not merely "imaginary" or "speculative." Va. Soc'y for Human Life, 263 F.3d at 386; Equity in Athletics, 639 F.3d at 99. WVCDL therefore has standing to pursue the claims it pressed before the district court.

We conclude nevertheless that the district court did not abuse its discretion when it determined to stay the case under the Pullman abstention doctrine. See Hennis v. Hemlick, 666 F.3d 270, 274 (4th Cir. 2012) (review of a district court's decision to abstain is for abuse of discretion). Because a district court abuses its discretion whenever "its decision is guided by erroneous legal principles," there is "little or no discretion to abstain in a case which does not meet traditional abstention requirements." Martin v. Stewart, 499 F.3d 360, 363 (4th Cir. 2007).

Federal courts "should abstain" under Pullman where a case involves an open question of state law that is potentially dispositive inasmuch as its resolution may moot the federal

constitutional issue. Va. Office for Prot. & Advocacy v. Stewart, 131 S. Ct. 1632, 1644 (2011) (Kennedy, J., concurring); Educational Servs., Inc. v. Md. State Bd. for Higher Educ., 710 F.2d 170, 174 (4th Cir. 1983). The doctrine thus both avoids impinging upon state sovereignty and forestalls premature consideration of sensitive federal controversies. Stewart, 131 S. Ct. at 1644 (Kennedy, J., concurring); Nivens v. Gilchrist, 444 F.3d 237, 246 n.6 (4th Cir. 2006).

In this case, WVCDL's assertion that the record is bereft of evidence demonstrating the presence of thorny and potentially dispositive state law questions is without merit, given that WVCDL's complaint squarely demonstrates the presence of numerous such issues. Nor do we countenance WVCDL's contention that Arizonans for Official English v. Arizona, 520 U.S. 43, 75-80 (1997), renders the district court's reliance on Pullman improper. In our view, the circumstances of this case would have supported either certifying a question of state law to the West Virginia state courts or invoking the Pullman abstention doctrine. Because both options were equally available to the district court, it was not an abuse of discretion for the court to choose the latter over the former.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED